# PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant, v. JOSEPH GLASER et ux.

### Division Two, October 9, 1912.

1. **INSURANCE: Untrue Representations: Warranties: Suit to Cancel: Statute.** Untrue statements made by an applicant for insurance to the effect that no other company had refused him insurance, made in his application for a policy in which he warranted his statements to be true, afford a sufficient basis for a suit to cancel the policy on the equitable ground of mistake, in a suit brought by the company for that purpose, after having tendered a return of all the premiums paid. The statute (Sec. 6937, R. S. 1909) providing that "no representation made in obtaining or securing a policy of insurance . . . shall be deemed material or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable," has no application to such a suit. It applies only to cases in which the "event on which the policy is to become due" has actually happened, and the liability of the insuring company under an existing policy is to be determined. That is an entirely different matter from a timely suit brought to cancel a policy issued to a living policy-holder in pursuance to misrepresentations.

2. **————: ————: ————: Fraud: Cancellation: Mistake.** Where the policy stipulates that the insurance provided thereby is based on the application, and the application warrants that the statements made therein are "complete, true and correct," and they are not true, the policy may be cancelled upon the equitable ground of mistake unknown to the company alone, in

a suit brought by the company, upon a return of the premiums paid, etc. A warranty is a part of the contract, and must be strictly true, whether material to the risk or not, or whether or not the untrue statement was the inducement for issuing the policy.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED AND REMANDED (*with directions*).

*Jones, Jones, Hocker & Davis* for appellant.

(1) Whether an applicant has ever applied to other companies for insurance and been rejected is regarded as material to the risk, and a false statement in this regard will void the policy. Aloe v. Insurance Co., 147 Mo. App. 647; McDermott v. M. W. A., 97 Mo. App. 561; M. W. A. v. Angle, 127 Mo. App. 119; Insurance Co. v. Webb, 106 Fed. 808, 126 Fed. 635; Elliot v. Benefit Assn., 76 Hun, 378; Kelley v. Insurance Co., 113 Ala. 453; Barnard v. Association, 32 N. Y. Supp. 223; Kemp v. Insurance Co., 19 N. Y. Supp. 435, 135 N. Y. 658; Fletcher v. Insurance Co., 119 N. Y. Supp. 801; Insurance Co. v. Judge, 191 Pa. St. 484; Edington v. Insurance Co., 77 N. Y. 564, 100 N. Y. 538; Insurance Co. v. Raddin, 120 U. S. 189; Jeffries v. Insurance Co., 22 Wall. 47; March v. Insurance Co., 186 Pa. 629; Moore v. Mut. Res., 133 Mich. 526; Insurance Co. v. Mahone, 56 Miss. 181; Cooke on Life Insurance, Sec. 18, p. 34; May on Life Insurance, Sec. 184; 3 Cooley's Briefs on Insurance, p. 1935. (2) A breach of warranty will void the policy, though the insured had no knowledge of the falsity constituting the breach, and did not intend to deceive the insurer. M. W. A. v. Angle, 127 Mo. App. 116; McDermott v. M. W. A., 97 Mo. App. 647; Kemp v. Good Templars, 19 N. Y. Supp. 435; Insurance Co. v. Webb, 106 Fed. 808, 126 Fed. 635; Elliot v. Association, 76 Hun, 378; Clemans v. Association, 131 N. Y. 485; Kelley v. In-

surance Co., 113 Ala. 453; Insurance Co. v. Myers, 112 Fed. 846; Insurance Co. v. Sole, 121 Fed. 664; Insurance Co. v. Llewellyn, 58 Fed. 940; Insurance Co. v. Johnson, 80 Ala. 467; Kelley v. Insurance Co., 113 Ala. 453; Insurance Co. v. Rogers, 119 Ill. 474; Insurance Co. v. Cannon, 48 Ind. 264; Cushman v. Insurance Co., 63 N. Y. 404; Baker v. Insurance Co., 64 N. Y. 648; Insurance Co. v. Pyle, 44 Ohio St. 19; Dinan v. Supreme Council, 201 Pa. 363; Boyle v. Relief Association, 95 Wis. 312; McGowan v. I. O. O. F., 104 Wis. 173; Peterson v. Life Association, 115 Iowa, 668; 3 Cooley's Briefs on Insurance, p. 1954; Cooke on Life Insurance, Sec. 19, p. 35; May on Life Insurance, Sec. 184. (3) Where a contract has been entered into by the parties through a mutual mistake concerning a fact which is, or is agreed to be, material, the contract may be rescinded and canceled at the option of either party. Currey v. Greffet, 115 Mo. App. 364; Voorhis v. Manufacturing Co., 11 Mo. App. 108; M. W. A. v. Angle, 127 Mo. App. 94; Griffiths v. Townley, 69 Mo. 13; Brooks v. Gaffin, 192 Mo. 228; N. & M. Co. v. Kehlor, 155 Mo. 643; 24 Am. & Eng. Ency. Law (2 Ed.), 618; 1 Cooley's Briefs on Insurance, p. 551; Joyce on Insurance, Sec. 1674; Richards on Insurance, p. 108; Wilson v. Insurance Co., 5 Fed. 674; Cooke on Life Insurance, Secs. 133, 134; Bacon on Ben. Societies and Life Insurance, Sec. 285; Beauchamp v. Winn, L. R. 6, H. L. 233; Lyman v. Insurance Co., 14 Johns. 382; Eaton on Equity, p. 267; Thwing v. Lumber Co., 40 Minn. 184; Moran v. McLarty, 11 Hun, 66, 75 N. Y. 25; Welles v. Yates, 44 N. Y. 525; McHugh v. Insurance Co., 48 How. Pr. 230; Hearne v. Insurance Co., 87 U. S. 20; Latuarche v. Insurance Co., 126 Cal. 498.

*David Goldsmith* for respondents.

(1) Glaser's withdrawal of his application to the Illinois Life Insurance Co. for insurance was effective, and rendered nugatory the alleged refusal of the

application by that company. 1 Cooley's Briefs on Insurance, p. 416. But, regardless of that withdrawal, the alleged refusal was rescinded according to the evidence, and the application was never finally acted upon. (2) Glaser's statement that no application for insurance previously made by him had been refused. was made in good faith, and, therefore, does not support the action herein for the cancellation of the policy issued to him by the appellant. a. That statement, if made in good faith, would not have constituted a breach of warranty at common law. Henn v. Insurance Co., 67 N. J. L. 312; Aufderheide v. Association, 66 Mo. App. 285; Semm v. Knights of Honor, 29 Fed. 895; Insurance Co. v. Ford, 126 Ky. 49; Ames v. Insurance Co., 58 N. Y. Supp. 244, 172 N. Y. 659; Kettenbach v. Association, 49 Neb. 842; Mouler v. Insurance Co., 111 U. S. 335; Owen v. Insurance Co., 67 Atl. 25; Association v. Wagner, 188 Ill. 133; Knights of Honor v. Dixon, 102 Tenn. 255; Annotated Case, 11 L. R. A. (N. S.) 958. b. But in this State the doctrine of warranties in life insurance no longer applies. Keller v. Insurance Co., 198 Mo. 456; Jenkins v. Insurance Co., 171 Mo. 383; Lynch v. Insurance Co., 150 Mo. App. 468. c. And, treated as a representation, the statement, if made in good faith, will not support the present action. Semm v. Knights of Honor, 29 Fed. 895; Insurance Co. v. Ford, 126 Ky. 49; 3 Cooley's Briefs on Insurance, p. 1956; Schuermann v. Insurance Co., 165 Mo. 649; Keller v. Insurance Co., 198 Mo. 455. (3) The provision in the application for the policy in question, that the falsity of any statement in the application should invalidate any claim under the policy, if the death of the insured should occur within one year, limits the rights of the appellant, and debars it from invoking any statement made in good faith in the application as ground for an action in equity to cancel the policy. Insurance Co. v. Lear, 31 App. Cas., D. C. 190. (4) The alleged misrepre-

sentation was not material, and, therefore, cannot be the basis of an action in equity for cancellation. Fidelity Association v. Miller, 92 Fed. 63; Tribes v. Hanes, 100 Ill. App. 1.

KENNISH, J.—This suit in equity was brought in the circuit court of the city of St. Louis by the Pacific Mutual Life Insurance Company as plaintiff, against the defendants, Joseph Glaser and Carrie Glaser, his wife. The purpose of the suit was to have cancelled and annulled by decree of court a certain policy of insurance for ten thousand dollars, theretofore issued by plaintiff upon the life of defendant Joseph Glaser. Upon a trial the court dismissed the bill and plaintiff appealed.

In substance it is alleged in the petition that the defendant Joseph Glaser on the 27th day of December, 1906, made written application to plaintiff for a policy of insurance on his life in the sum of ten thousand dollars and payable to the defendant Carrie Glaser in the event of his death; that said policy was issued to the said Joseph Glaser and was then in his possession; that said policy was issued by the plaintiff and accepted by the defendant Joseph Glaser solely upon certain statements, warranties and representations contained in the application and made a part of the policy; that said statements, warranties and representations were false, incomplete and untrue, and that the same were intentionally false or answered by mistake or inadvertence and constituted a fraud upon the plaintiff; that immediately upon discovery of the falsity of the statements, etc., plaintiff tendered to the defendants the full amount of the premium paid to plaintiff upon said policy and demanded the surrender and return of said policy, which defendants refused to do. The prayer is that the court require the defendants to produce said policy in court and that

the same be adjudged void, and for general relief.
The answer was a general denial.

Plaintiff introduced in evidence the policy in controversy; also the written application and medical examination of the defendant Joseph Glaser, upon which the policy was issued. It was stipulated in the policy that: "All insurance provided by this policy is based upon the written and printed application therefor, which is made a part of the policy," etc. In the written application the applicant, Joseph Glaser, made the statement that: "No company or association to which I have ever applied for any life, accident or health insurance has refused me on the plan asked for, or postponed me." And in the medical examination, attached to and made a part of the application, the applicant was asked the question: "What company or society has declined to issue a policy on your life?" and answered "none." The following declaration was also contained in said application, namely: "I hereby warrant that all the foregoing statements and answers and all those that I make to the company's medical examiner are complete, true and correct, and, if any such statement or answer is incomplete, untrue or incorrect, no valid claim shall arise under such policy on account of death or disability occurring within one year from its date."

Plaintiff also introduced testimony tending to prove that on the 21st day of November, 1904, being about two years prior to the date of the application for the policy in suit, the defendant Joseph Glaser made a written application for insurance upon his life to the Illinois Life Insurance Company, through its agent, Charles K. Lehrberg; that he was examined by the physician of the said last named company, and that on the 3d day of December, 1904, the application was rejected by the medical board of said company, on the ground that the medical examination disclosed that the applicant was afflicted with glycosuria, a dis-

ease of the kidneys; that on the 7th day of December, 1904, letters properly addressed were sent to both Lehrberg, the agent, and the defendant Joseph Glaser, notifying them of the rejection of said application.

It was further shown by plaintiff that on the 14th day of June, 1907, plaintiff notified defendants in writing that the policy issued to Joseph Glaser was cancelled and rescinded on account of misrepresentations and concealment of material facts and breach of warranties, and tendered to defendants the amount received as premiums on said policies.

The defendant Joseph Glaser, as a witness in his own behalf, admitted having made application for insurance to the Illinois Life Insurance Company as shown by the testimony for plaintiff, but further testified that a day or two after he had delivered the application to agent Lehrberg he met said agent on the street and directed him to withdraw and cancel his said application, and that he never received any notice or communication thereafter from the company or from Lehrberg "that they received my application or that they refused me;" that when he applied for insurance to the plaintiff insurance company, he did so in good faith and had no knowledge that his application to the Illinois Life Insurance Company had been rejected.

The only conflict in the testimony was as to whether the defendant notified Lehrberg, the agent of the Illinois Life Insurance Company, that he cancelled and withdrew his application for insurance in that company, and also as to whether defendant had received any notice from the Illinois Life Insurance Company or had any knowledge that his application had been rejected.

Upon the question of fact as to whether Glaser had notified Lehrberg of the withdrawal of his application, the testimony shows the following:

Glaser testified in his deposition that he met Lehrberg on the street a day or two after he had signed the application and informed him that he did not want the insurance applied for. The application was dated November 21, 1904. At the trial Glaser testified that it might have been two or three days after he had signed the application when he met Lehrberg and informed him as above. When shown his medical examination, dated and signed November 30, 1904, he admitted that he must have been mistaken as to the time of meeting Lehrberg on the street. On the other hand there is the testimony of Lehrberg denying that Glaser had ever spoken to him as to the withdrawal of the application. In corroboration of Lehrberg it was shown in evidence that the proper officers of the company, after the date of the alleged withdrawal, proceeded to pass upon the application and after rejecting it wrote letters to Glaser and Lehrberg to that effect. There was also a letter from Lehrberg to the company, dated December 8, 1904, acknowledging the receipt of the letter notifying him of the rejection of Glaser's application, protesting against the action so taken and insisting upon a reconsideration of the application; also the answer of the company, dated December 9, 1904, suggesting a medical re-examination of Glaser and that a physician would be in St. Louis within a few days, at which time such re-examination could be made; that the medical examiner of the company, Dr. Wood, and Lehrberg thereafter went to see Glaser for the purpose of re-examination, but did not find him at home.

Upon the remaining question of fact as to the notification of Glaser by the Illinois Life Insurance Company that his application had been rejected, against the testimony of Glaser that such notification was never received by him and that he had no knowledge of such action of the company upon his application, there is the testimony of the employees of the

company that said letter of notification was written and the circumstantial evidence as to the course of business of the company in addressing and mailing such letters.

Upon the foregoing issues and testimony we are to determine whether the trial court erred in its decree denying the relief prayed for and dismissing plaintiff's bill.

Most of the cases in the books that treat of alleged untrue statements and misrepresentations and the legal effect thereof, in applications for life insurance, are cases in which the issue of such false statements and misrepresentations is made as a defense in an action to recover on the policy. In such case the insurance company·has received the premiums from the insured and has raised no question as to the validity of its contract until called upon to respond under the contingency for which the insurance was obtained. The case at bar presents a very different situation. Plaintiff's contention is that as soon as it became aware of facts not disclosed by the application, increasing its risk and liability under the policy, it promptly returned to the insured all that he had paid and asked to be relieved from further liability under its contract. We refer to the two classes of cases because the principles of law applicable to each are essentially different, a distinction overlooked or not recognized in the defendant's brief.

Sec. 6937, R. S. 1909, provides that: "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this State, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury." It is apparent that

this statute applies only to cases in which the "event on which the policy is to become due" has actually happened, and the liability of the insurer under the policy is the question to be determined. It was not intended to restrict the freedom of contract except in such cases as came within its provisions. The case before us is not an action to enforce liability under a contract of insurance. The event on which the obligation is made contingent had not occurred and therefore the rights of the parties are not affected by the statute but are to be settled under the general law as though the statute did not exist. [Schuermann v. Insurance Co., 165 Mo. 649; Keller v. Insurance Co., 198 Mo. 440; Kern v. Legion of Honor, 167 Mo. 471; Union Life Insurance Co. v. Riggs, 123 Fed. 312.] In the case of Kern v. Legion of Honor, supra, the court (l. c. 488) said: "The statute takes away no material right that was enjoyed prior to its adoption. It is still competent for the company, during the life of the assured but not after his death, to bring a bill in equity to set aside the contract on the ground that it was procured by fraud."

In the contract between plaintiff and defendants, we find it stipulated in the policy that the insurance provided therein is based upon the application, which is made a part of the policy. In the application the defendant warranted that: "All the foregoing statements and answers and all those that I make to the company's medical examiner are complete, true and correct," etc., etc. In one of such answers the defendant stated that no other company had refused him insurance, and in another that no company had declined to issue a policy upon his life. Under the testimony there can be no doubt that defendant had applied for insurance on his life to another company and that the company had refused it. It follows that the foregoing answers were both untrue and incorrect.

In cases not included within the provisions of said section 6937, a well-recognized distinction exists between a representation and a warranty in a contract of insurance. A representation is not a part of the contract "but only an inducement to make it" and will not invalidate the insurance unless false in a matter material to the risk. A warranty is a part of the contract and must be strictly true, whether material to the risk or not. [Aloe v. Insurance Association, 147 Mo. 561; McDermott v. Modern Woodmen, 97 Mo. App. 636; 3 Cooley's Briefs on Law of Insurance, pp. 1935, 1954.] In Cooley, supra, at page 1935, the author says: "In pursuance of the general rule that statements and stipulations contained in, or expressly made a part of, the policy are warranties, it has been the generally accepted doctrine that where the application warrants the answers and statements therein to be full, complete, and true, and the policy recites that it is issued in consideration of the statements, agreements, and warranties in the application, which is referred to and made a part of the contract, such statements and agreements become warranties." And at page 1954: "It is, however, well settled that a breach of warranty is fatal to the policy, though the insured had no knowledge of the falsity constituting the breach, and did not intend to deceive the insurer." In the case of Aloe v. Insurance Association, supra, as shown by the facts stated (l. c. 579), the insured, "in answer to the questions put to him in his application for insurance as to whether or not any proposal by him to insure had ever been postponed or declined, and if so by what company or association, and for what reason, answered, 'Yes, New York and Connecticut Mutual, about six years ago on account of traces of albumen;' while the record discloses that he had been rejected eight times by six companies, while he disclosed but two." As to the character of such statements and answers in the application for insurance,

the court (l. c. 578) said: "In this case there can be no doubt that the answers of the assured to the questions propounded to him in the application for membership in defendant company, were intended as warranties. It is so stated in the application which is made part of the policy in terms so plain as to leave no room for doubt or construction, and there is no escape from the conclusion that they were so intended." And (l. c. 579): "The uncontradicted evidence in this case showed that Aloe applied for insurance in different companies prior to his application in this case by which he had been rejected. That his answer did not disclose the truth, cannot be disputed, upon the uncontradicted evidence. The answer was a warranty and the evidence showed a breach thereof."

It is true that in the decision just quoted from it was held that the provisions of said section 6937 did not apply to the class of insurance companies to which the defendant company in that case belonged, and while said section would apply to and include the plaintiff herein in an action where liability under a policy is sought to be enforced, yet we have held that it is not applicable to a plaintiff in an action to cancel a policy as under the facts of this case. It follows therefore that upon the subject of representations and warranties in insurance contracts, the law as announced in the authorities cited and reaffirmed in the later cases, is also applicable to the case in hand. [Keller v. Home Life Ins. Co., 198 Mo. 440; Claver v. Woodmen of the World, 152 Mo. App. 155; McDermott v. Modern Woodmen, 97 Mo. App. 636; Modern Woodmen v. Angle, 127 Mo. App. 94.] From the foregoing it also follows that the statements of the defendant that he had not applied for and had not been refused insurance in another company, were warranties, upon the truth of which the contract of insurance was based and as such statements, under the uncontradicted evi-

dence, were not true or correct, the policy was invalid and void; not void *ab initio,* but void at the election of the insurer. The rule, as stated in Cooley, supra, 1962, is that: "In view of these cases, it may fairly be regarded as settled that a breach of warranty or a misrepresentation does not, *ipso facto,* render the policy void, but voidable merely, at the option of the insurer."

The question remains whether the falsity of the statements and breach of warranties of the contract on the part of the defendant  entitle the plaintiff to relief by an action in equity for the cancellation of the policy. The right of the insurer to relief in that form of action, for fraud of the applicant in the procurement of the policy, is well recognized in the decisions of the appellate courts of this State, but as a basis for such relief on the ground of fraud, the mere falsity of the statements and breach of warranties are not alone sufficient. It is essential that the applicant had knowledge of their falsity and acted in bad faith, to warrant that remedy. [Schuermann v. Insurance Co., 165 Mo. 641; Kern v. Legion of Honor, 167 Mo. 471; Keller v. Insurance Co., 198 Mo. 440; Modern Woodmen v. Angle, 127 Mo. App. 94.] ,

In the briefs of counsel the proposition is discussed with much ability as to whether the evidence warranted the conclusion that the defendant, at the time he applied for the policy, had knowledge of the action taken by the Illinois Life Insurance Company in rejecting his application for insurance. Plaintiff maintains that the evidence clearly shows such knowledge, while the defendants contend that it does not. However, plaintiff further maintains that it is entitled to relief, upon the equitable ground of mistake, regardless of whether defendant was so informed as to the fate of his former application. We are of the opinion that plaintiff's latter contention is correct and

that upon the uncontradicted facts in evidence plaintiff is entitled to the relief prayed for.

Assuming the good faith of the defendant in making the statements in his application that he had not been refused insurance by any other company, nevertheless, as such statements were made warranties and a part of the contract, and as the policy was issued on the faith thereof and the statements were in fact untrue, there was necessarily "no meeting of the minds upon one of the essential elements of the contract," and therefore such a mistake of fact as would authorize relief in a court of equity for the cancellation of the policy. [24 Am. & Eng. Ency. Law (2 Ed.), 618; 2 Joyce on Insurance, Sec. 1674; 1 Bacon on Insurance, Sec. 285; 2 Pomeroy's Eq. Jur. (3 Ed.), Sec. 856; Curry v. Greffet, 115 Mo. App. 364.] Discussing the law upon the subject of rescission and cancellation of insurance contracts, in Joyce on Insurance, supra, it is said: "If the contract is obtained by fraud or deception, or by false and fraudulent misrepresentations, or the relief sought rests upon accident or mistake, equity will take cognizance and grant relief." And in Bacon on Insurance, supra: "The jurisdiction of equity to decree a cancellation upon proper showing has never been doubted, for insurance contracts, like other writings, may be reformed so as to express the intention of the parties, or, in cases of fraud, accident or mistake, be altogether avoided." And in 24 Am. & Eng. Ency. Law, supra, upon the right to equitable relief for mistake of facts in contracts generally, the law is stated as follows: "Where parties have apparently entered into a contract evidenced by a writing, but owing to a mistake their minds did not meet as to all the essential elements of the transaction, so that no real contract was made by them, then a court of equity will interpose to rescind and cancel the apparent contract as written, and to restore the parties to their former positions. . . .

Where a contract in writing is executed under a mistake by only one of the parties as to a fact which is of the essence of the contract, the mistake constitutes a ground for a court of equity to rescind and cancel the apparent contract as written, and place the parties *in statu quo*."

It is shown by the uncontradicted testimony that a mistake was made in the contract of insurance between plaintiff and defendant as to a fact material to the risk assumed by the plaintiff; that as soon as this mistake was discovered plaintiff tendered to defendant all that he had paid as premiums and thereupon rescinded and cancelled the contract. Plaintiff had done all it could do to avoid the effect of the mistake, both as to the defendant and itself, before coming into court for relief. It was without adequate remedy at law and we think it was entitled to a decree of cancellation of the policy as prayed.

The judgment is therefore reversed and the cause remanded, with directions that a decree be entered requiring the policy to be surrendered up and that the same be cancelled.

*Brown, P. J.*, and *Ferriss, J.*, concur.