MARCH TERM, 1915. 591

Krey Packing Co. v. U. S. Fidelity & Guar. Co.

KREY PACKING COMPANY, Appellant, v. UNITED STATES FIDELITY & GUARANTY COM- PANY, Respondent.

St. Louis Court of Appeals, April 6, 1915.

1. **PRINCIPAL AND SURETY: Fidelity Bonds: Construction.** Fidelity bonds issued by a surety company are not entitled to the same favorable construction with reference to the liability of the surety thereon as are ordinary personal bonds, but are subject to the general rules of construction applicable to insurance contracts.

2. ———: ———: **Breach of Warranty: Discharge of Surety.** An application to a surety company by an employer for a fidelity bond, to indemnify him against loss by the dishonesty of a traveling salesman and collector, stated that the salary of the employee was $150 a month, and that weekly statements were rendered to customers in arrears. The application recited that these statements were "to be taken as conditions precedent and as the basis of the bond applied for." The bond recited that it was issued upon the faith of the statements made by the employer, which were warranted to be true. The employee was paid $150 per month, but he was required to pay out of this his traveling expenses, approximating from $3 to $3.50 per day. The employer, instead of sending weekly statements to his customers, sent them to the employee. *Held*, that there was no liability on the bond for a shortage of the employee, because of the employer's failure to render weekly statements to the customers in arrears, and because of the false statement in the application with respect to the employee's salary;. the word "salary" not meaning a sum out of which expenses should be paid.

3. ———: ———: ———: ———: **Waiver: Estoppel.** A surety company, which issued a bond to indemnify an employer against loss by dishonesty of an employee, received a statement of the employee's alleged shortage, and did nothing, except to reply that it was not ready to act until a later date. Subsequently, it disclaimed liability because of misrepresentations in the employer's application for the bond and because of the failure of the employer to do certain things required by the bond, which defenses had been discovered by means of the company's investigation. The employer was not in any way induced to alter its position to its detriment nor incur any expense nor forego any right, by reason of the act of the

company. *Held*, that the company did not waive its right to rely on the defenses, nor was it estopped to assert them.

4. **WAIVER: Definition.** Waiver is the intentional abandonment of a known right.

Appeal from St. Louis City Circuit Court.—*Hon. Thos. C. Hennings,* Judge.

AFFIRMED.

*Muench, Walther & Muench* for appellant.

(1) Contracts of guaranty issued by surety companies are not entitled to the same favorable construction, so far as the guarantors are concerned, as personal bonds, but, being in every essential like ordinary insurance policies, they are to be construed, like these, most strongly against the company. 19 Cyc. 517; Lescher v. The U. S. F. & G. Co., 239 Ill. 502; Bryant v. Am. Bonding Co., 77 Ohio St. 90; Am. Surety Co. v. Pauly, 170 U. S. 133; Champion Ice Co. v. Am. Bonding Co., 115 Ky. 863; Roark v. City Trust, etc., Co., 130 Mo. App. 401; Long Bros. Gro. Co. v. The U. S. F. & G. Co., 130 Mo. App. 421; Boppart v. Surety Co., 140 Mo. App. 683; Rule v. Anderson, 142 S. W. 358; Anderson v. Fitzgerald, 4. H. L. Cases, 484, 507; 15 Cyc. 1037; Title Guar. & S. Co. v. Bank, 89 Ark. 471, 479; Un. Am. F. I. Co. v. Am. Bonding Co., 146 Wis. 573; French v. Fid. & Cas. Co., 135 Wis. 259; R. R. v. U. S. Fid. & Guar. Co., 125 Tenn. 658; Frost., Guar. Ins. (2 Ed.), p. 11; Hunter v. U. S. F. G. Co., 129 Tenn. 572, 581; U. S. F. & G. Co. v. Bank, 137 Ill. App. 382, 387; Fid. & Dep. Co. v. Ice & Storage Co., 45 Colo. 443, 446; So. Surety Co. v. Tyler & Simpson Co., 30 Okla. 116, 121; numerous cases cited; note in 47 L. R. A. (N. S.), page 294. (2) Where a surety company, upon learning of a breach of conditions or promissory warranties, fails to act promptly in cancelling or declaring a forfeiture of the contract and returning the pre-

mium, such failure amounts to a waiver of the breach or an estoppel to deny liability, as the case may be. Roark v. City Trust, etc., Co., supra; Mo. Trust Co. v. Ins. Co., 79 Mo. App. 366; Keys v. Natl. Council, etc., 174 Mo. App. 671; Pace v. Am. Cent. I. Co., 173 Mo. App. 485; Rudd v. Am. G. F. M. F. I. Co., 120 Mo. App. 1; Carp v. Queen Ins. Co., 116 Mo. App. 528; Bank v. Ins. Co., 83 Ohio St. 309; Irrigation District v. U. S. F. & G. Co., 108 N. W. 157; Horton v. Home Ins. Co., 121 N. C. 498; Am. Cent. L. I. Co. v. Rosenstein, 92 N. E. 380; Schreiber v. German Am. Ins. Co., 43 Minn. 367; Ins. Co. v. Gray, 44 Kan. 731; Glen Falls Ins. Co. v. Michael, 8 L. R. A. (N. S.) 708; Swedish Am. Ins. Co. v. Knutson, 67 Kan. 71; Cooley's Briefs on Ins., p. 2764. (3) Since fidelity bonds issued by surety companies are, to all intents, ordinary insurance policies, the rule laid down in this State with regard to ordinary insurance should be applied to fidelity bonds, viz.: That active participation in the adjustment of a loss amounts to a waiver of the breach of the conditions and of a violation of the policy. Bowen v. Ins. Co., 69 Mo. App. 272; McCollum v. Niagara Ins. Co., 61 Mo. App. 352; 19 Cyc. 804, note 41; Keys v. Natl. Council, etc., 174 Mo. App. 671, 688; Pace v. Am. Cent. I. Co., 173 Mo. App. 485, 505; Rudd v. Am. G. F. M. F. I. Co., 120 Mo. App. 1, 13; Carp v. Queen Ins. Co., 116 Mo. App. 528, 543. (4) Even where a fidelity bond sued upon recites upon its face that it will be invalid without the principal's signature, the company issuing the policy is estopped from setting up the lack of signature as a defense, as against the obligee, where it has delivered the bond to the obligee without the signature of the principal and with the evident intention of being bound thereby; and where, moreover, upon learning of the lack of signature, it retains the premium and makes no effort to rescind the contract. U. S. F. & G. Co. v. Haggert, 91 C. C. A. (U. S.) 289;

189MA38

N. St. L. B. & L. Assn. v. Obert, 169 Mo. 507; Rule v. Anderson, 160 Mo. App. 347; William v. Marshall, 42 Barber, 528; Lovejoy v. Isbell, 70 Conn. 560; Pima County v. Snyder, 5 Ariz. 49; Deering v. Moore, 86 Me. 183; Douglas County v. Bordon, 79 Wis. 644; Surety Co. v. Bank of Fulton, 89 Ark. 471; St. Louis Brewing Assn. v. Hayes, 97 Fed. 859; Aetna Ins. Co. v. Crowe C. & M. Co., 154 Fed. 545. (5) The term "salary" means a "fixed payment made periodically to a person as compensation for regular work; now usually restricted to payments made for non-manual or non-mechanical work." Oxford Dictionary, 1914; Standard Dictionary of the English Language; Webster's Dictionary; Worcester's Dictionary; Bouvier's Law Dictionary; Words and Phrases, "Salary." (6) Promissory warranties contained in the employer's statement are in the nature of conditions subsequent only, and, being such, substantial compliance with them is sufficient. 1 May on Insurance, sec. 157; 3 Cooley's Briefs on Insurance, p. 2448; Copp v. German American Ins. Co., 51 Wis. 640; Rice v. Fid. & Dep. Co., 103 Fed. 427; Phoenix Ins. Co. v. Guar. Co. of Am., 115 Fed. 964; 19 Cyc., 524, note 49; Champion Ice Mfg. Co. v. Am. Bonding Co., 115 Ky. 863; Benham v. Guar., etc., L. A. Co., 7 Exch. 744; Un. Am. F. I. Co. v. Am. Bonding Co., 146 Wis. 573; Title G. & T. Co. v. Bank, 89 Ark. 480. (7) The finding of the referee in favor of the appellant on the questions of correctness of Williamson's accounts on December 31, 1909, remittances twice a week and the indorsement of checks were fully warranted both by the facts and by the law. Railroad v. U. S. F. & G. Co., 125 Tenn. 658. (8) Provisions for notice immediately upon the occurrence of an act of omission likely to fasten liability upon a surety company are liberally construed in favor of the beneficiary, to obviate a forfeiture, and the notice in the case at bar, given, at the latest, four days after actual knowledge on the part of the beneficiary of a probable embezzle-

ment by the insured, was sufficient to comply with the requirement of "immediate notice." Columbia P. S. Co. v. Fid. & Cas. Co., 104 Mo. App. 157, 166; McFarland v. Acc. Assn., 124 Mo. 218; Hoffman v. Acc. Co., 56 Mo. App. 301; Long Bros. Gro. Co. v. U. S. F. & G. Co., 130 Mo. App. 421; Aetna Indemnity Co. v. J. R. Crowe Coal and Mining Co., 154 Fed. 545; Fid. & Dep. Co. v. Courtney, 186 U. S. 342; Am. Surety Co. v. Pauly, 170 U. S. 133; Bldg. Assn. v. Co., 118 Iowa, 720; Anoka Lbr. Co. v. Fid. & Cas. Co., 63 Minn. 286; Mandell v. Fid. & Cas. Co., 170 Mass. 173. (9) The burden was on the respondent to prove the alleged breach of the employer's statement and the bond by the appellant. Goldman v. Fid., etc., Co., 125 Wis. 390; Surety Co. v. Tyler, etc., Co., 30 Okla. 116; Fid. & Dep. Co. v. Ice Storage Co., 45 Colo. 443, 449; Perpet. Assn. v. U. S. F. Co., 118 Ia. 729; So. Surety Co. v. Tyler & Simpson Co., 30 Okla. 116, 122, and numerous cases cited.

*John M. Wood* for respondent.

(1) One hundred and fifty dollars a month paid to a traveling salesman, out of which is to be paid his hotel bills and other traveling expenses, is not a compliance with a warranty that such salesman receives a salary of one hundred and fifty dollars a month. His income was much less than $100 a month. This warranty is to be strictly construed. Life Ins. Co. v. Glaser, 245 Mo. 389. (2) To mail weekly statements of customers in arrears to the collector, under bond, to be by him delivered to such customers, is not a compliance with the warranty that such statements are "rendered weekly" to such customers, but such practice defeats the very purpose of such warranty by removing the check on such collector that a receipt of such statement by the customer would afford, and avoided the policy. Life Ins. Co. v. Glaser, 245 Mo. 389; Hunt v. Ins. Co., 99 Fed. 242; U. S. F. G. Co. v. Downey, 88

Pac. 451; Bank of Asheville v. F. & G. Co., 89 Fed. 819. (3) The respondent had no knowledge of such breaches until after the appellant had furnished proof of loss. Thereafter appellant expended no time or money, and did nothing except by letters to demand payment of respondent. There was, therefore, no waiver of or estoppel as against these breaches. Gibson v. Ins. Co., 82 Mo. App. 519; Dry Goods Co. v. Ins. Co., 100 Mo. App. 509; Oehler v. Ins. Co., 159 Mo. App. 708; Maloney v. Ins. Co., 154 N. W. 6. (4) The findings of facts by a referee after their approval by the circuit court, has the force and effect of a special verdict. State ex rel. v. U. S. F. & G. Co., 236 Mo. 375; State ex rel. v. Ice Co., 246 Mo. 168.

ALLEN, J.—This is a suit brought upon a fidelity bond issued by the defendant company to indemnify plaintiff against loss by reason of dishonesty on the part of an employee of plaintiff, to the extent and upon contingencies specified. On motion of the defendant, the cause was referred to Clifford B. Allen, Esq., as referee, to try all of the issues. The referee in due time filed his report, setting out his findings of fact and conclusions of law, and recommending judgment for the defendant. The court overruled plaintiff's exceptions filed to the report, and entered judgment in accordance with the said recommendation of the referee; and the case is here upon plaintiff's appeal.

On March 25, 1909, plaintiff signed and delivered to the defendant an "Employer's Statement," giving written answers to a list of questions therein propounded. The instrument recited that an application had been made to defendant to issue a "bond of security" for one Williamson, as salesman and collector in plaintiff's service, to the amount of $2000; and that defendant desired to have answers to the questions propounded, which answers would "be taken as the basis of the bond if issued." The following questions there-

in contained, and the answers made thereto by plaintiff, are here pertinent, viz.:

"Q. What salary will he (Williamson) receive? A. $150 monthly ($150)."

.    .    .    .    .    .    .    .    .    .

"Q. If applicant is a salesman or collector, are statements rendered to customers in arrears, and at what periods? A. Yes, weekly."

The instrument further provided that it was agreed that the answers therein made were "to be taken as conditions precedent and as the basis of the said bond applied for," or any renewal or continuation thereof.

On April 13, 1909, defendant issued and delivered to plaintiff the bond sued upon. It recited that plaintiff, the obligee therein, had delivered to defendant, the surety, the above-mentioned "Employer's Statement," which was made a part of the bond; and that the bond was issued upon the faith of the said statements of the obligee, which the latter warranted to be true, and subject to the provisions and conditions contained in the bond itself, which should be conditions precedent to the right of the obligee to recover thereon.

Plaintiff's bonded employee, Williamson, who resided at Hannibal, Missouri, was a travelling salesman, his duties being to solicit trade and to collect for sales previously made by him. His territory included various towns in the northeastern part of Missouri, and also Keokuk and Burlington, Iowa, and Quincy and Warsaw, Illinois. In the performance of his duties he visited each of these towns approximately once every two weeks.

On or shortly prior to August 16, 1909, plaintiff discovered that Williamson was short in his accounts and on the last-mentioned date notified defendant thereof. To this letter defendant replied on August 20, 1909, asking plaintiff to have an investigation made and to forward to defendant an itemized statement relative

to the loss. Plaintiff continued an investigation already begun, and reported to defendant the result thereof; and later defendant conducted an investigation on its own account. Various other letters passed between plaintiff and defendant prior to March 10, 1910; plaintiff repeatedly demanding payment of its claim, and defendant replying, in substance, that it was not ready to act because of not having a full report from its special agent who was investigating the matter. On March 10, 1910, defendant, by letter, denied liability to plaintiff on the bond.

The basis of defendant's refusal to indemnify plaintiff for the loss sustained was that plaintiff had not paid Williamson $150 per month and had not sent weekly statements to customers in arrears, in accordance with the foregoing answers contained in the "Employer's Statement." In its answer defendant averred such to be the facts, making appropriate allegations as to the terms of the "Employer's Statement" and the bond, and asserted that the same precluded a recovery thereon by plaintiff. It was these defenses that were sustained below; and though others were interposed it is here unnecessary to further notice the issues, in the view which we take of the case.

It appears that instead of paying Williamson a salary of $150 per month plaintiff paid him $75 on the fifteenth day of each month and a like amount on the last day thereof, out of which he was required to pay all of his travelling expenses of every nature, excepting buggy hire; such travelling expenses approximating from $3 to $3.50 a day when he was on the road.

Plaintiff's system of handling its accounts with Williamson's customers was as follows: An invoice accompanied a shipment. If it happened that another order was received from the same customer before the payment of an account which was fifteen days old, a new statement of the entire account was sent to the customer; otherwise the bills were sent to Williamson to

be presented by him to his customers as he visited them. However, when a bill was a month or more in arrears a statement was mailed the customer and payment requested, or a draft was drawn on him.

It is true as appellant asserts, that contracts of this character issued by surety companies are not entitled to the same favorable construction, with reference to the liability of the surety thereon, as are ordinary personal bonds, but are subject to the general rule of construction applicable to insurance contracts. [See Roark v. City Trust, etc., Co., 130 Mo. App. 401, 110 S. W. 1; Long Bros. Gro. Co. v. Fidelity & Guaranty Co., 130 Mo. App. 421, 110 S. W. 29; Boppart v. Surety Co., 140 Mo. App. 675, 126 S. W. 768; Union American Fire Ins. Co. v. Bonding Co., 146 Wis. 573; American Surety Co. v. Pauly, 170 U. S. 133.] The contract should be so viewed here; but the terms thereof appear to be plain and unequivocal, free from any ambiguity or uncertainty as to their purport.

There can be no doubt that the foregoing answers were untrue when made, and that plaintiff did not thereafter act in conformity to the statements thus made by it. They are expressly declared to be warranties; and should doubtless be held to be such. [See Hunt v. Fidelity & Casualty Co., 99 Fed. 242.] It is immaterial, however, whether they be termed warranties or otherwise. They pertain to matters highly material to the risk; and liability on the part of the obligor was clearly made conditional upon the truth of the matters thus asserted and constituting a vital element of the contract between the parties. If such statements were not true at the time, and the contract in this respect not thereafter complied with by the obligee, at least substantially, this should undoubtedly operate to avoid liability on the part of defendant, unless a waiver of the forfeiture appears. The terms of defendant's undertaking, which are clear and unmistakable, could not be construed otherwise; and there

is nothing in the policy of our statutory law relative to insurance contracts to obviate the effect thereof. In this connection see: U. S. Fidelity & Guaranty Co. v. Downey, 88 Pac. 451 (Colo.); Hunt v. Fidelity & Casualty Co., supra; Carrollton Furniture Mfg. Co. v. Credit Indemnity Co., 124 Fed. 25; Aloe v. Mutual Reserve Life Assn., 147 Mo. 561, 49 S. W. 553; Kenefick-Hammond Co. v. Fire Ins. Society, 205 Mo. 294, 103 S. W. 957; Dolon v. Insurance Co., 88 Mo. App. 666; White v. Insurance Co., 93 Mo. App. 282.

As to Williamson's salary the purpose of the inquiry was to ascertain his earnings, i. e., what was paid to him as compensation, because of the bearing which this would naturally have upon the risk to be incurred by defendant. Whether or not Williamson's salary was such as to minimize the temptation to use the money of his employer which came into his hands was a matter of prime importance to defendant. There can be no question as to what was meant by the word salary, and that it cannot be tortured into meaning a sum out of which the employee was to pay his travelling expenses, such as railroad fare, hotel bills, etc.

Likewise the method employed by plaintiff to keep a check upon its employee's collections was a matter greatly affecting the risk. Instead of sending weekly statements to its customers, plaintiff sent them to the salesman himself. This, of course, was not a compliance with the requirement that they be "rendered to customers." Had the latter been observed, fear of prompt detection might have deterred the unfortunate employee from misappropriating moneys collected by him.

Nor do we perceive anything in defendant's conduct with reference to plaintiff's claim to operate as an estoppel to assert the defenses in question or to constitute a waiver thereof. Plaintiff furnished defendant with a statement of the alleged shortage, and repeatedly demanded payment of the claim. Defend-

ant did nothing except to reply that it was not ready to act, until March 10, 1910, when it disclaimed liability because of the matters aforesaid which had been discovered by its investigation. No element of estoppel appears to be present; for plaintiff was not in any way induced to alter its position to its detriment, to incur expense or to forego any right. Nor does it seem that defendant could be held to have waived its right to rely upon these defenses, for it was not shown that defendant was possessed of knowledge respecting the matters upon which the defenses were predicated until at or about the time when it disclaimed liability on the bond, and hence it does not appear that defendant by anything in its correspondence or its attitude toward the claim could have intentionally abandoned a known right. [See Oehler v. Insurance Co., 159 Mo. App. 696, 139 S. W. 1173; Francis v. Supreme Lodge, etc., 150 Mo. App. 347, 130 S. W. 500; Keet-Roundtree Dry Goods Co. v. Insurance Co., 100 Mo. App. 509, 74 S. W. 469; Gibson v. Town Mutual Insurance Co., 82 Mo. App. 515.]

The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.