THE STATE EX REL. DELLA UNGER PARK v. CHARLES H. DAUES ET AL., Judges of St. Louis Court of Appeals.

Division One, December 31, 1926.

**INSURANCE: Burglary: Warranties: False Schedule: Waiver.** The Court of Appeals in holding (1) that where an insurance policy against losses sustained by burglary and theft in specific terms declares that the acceptance of the policy constitutes a warranty that the statements contained in the schedule are true, such statements, if false, unless waived, avoid the policy; (2) that the knowledge of the broker who issued the policy that the statements were false, but not known by the general agent who approved it to be false, and there being nothing in them to suggest inquiry as to their truth, was not a waiver of their falsity; and (3) that the statute (Sec. 6234, R. S. 1919) providing that warranties of facts in fire and tornado policies shall be construed as representations and as not materially affecting the risk, does not apply to burglary insurance, did not contravene any prior decision of this court.

Corpus Juris-Cyc. References: **Certiorari**, 11 C. J., Section 37, p. 106, n. 71. **Courts**, 15 C. J., Section 511, p. 1079, n. 42.

*Certiorari.*

WRIT QUASHED.

*Patrick A. Lavin* and *James J. O'Donohoe* for relator.

It was held in the opinion of respondents filed in this case that relator was guilty of breach of warranties and therefore the policy sued on was null and void. The breach of warranties is based upon statements in the schedule. Respondents, in reaching their conclusion as to Statement 10, have not only gone contrary to their own reasoning, but also to the intent of the statute, and have held in effect that midwifery is a business or occupation. (a) Respondents' opinion is in conflict with the decision of this court in State ex rel. v. Allen, 305 Mo. 614. (b) It is clear that the purported answer in Statement 11 is not responsive, as it is very evident that the status "widow" is not one of business or occupation, but simply a narration of one's social condition. It is apparent that "income from stocks, bonds and real estate" is not a statement of one's business or occupa-

tion. Relator submits that since the response to Statement 11 does not attempt to give the information sought, and since on its face it is apparent that the information desired is not obtained, and the further reason that the response given is true, such statement cannot form the basis for a breach of warranty. The holding conflicts with Wilson Co. v. Hartford Fire Ins. Co., 300 Mo. 53.

*Taylor, Chasnoff & Willson* and *James V. Frank* for respondents.

(1) That a decision of the Court of Appeals contravenes a statute is not a ground for *certiorari*. On *certiorari* the Supreme Court does not determine whether the view of the lower court is correct or incorrect, but only whether or not the opinion of the lower court conflicts with the latest controlling decision of this court. State ex rel. American Press v. Allen, 256 S. W. 1052; State ex rel. Raleigh Inv. Co. v. Allen, 242 S. W. 78; State ex rel. Calhoun v. Reynolds, 233 S. W. 484; State ex rel. Am. Packing Co. v. Reynolds, 230 S. W. 644. (2) The decision that the proof showed a breach of warranties is not in conflict with the latest controlling decisions of the Supreme Court. State ex rel. v. Allen, 305 Mo. 607. (3) The decision that "in the absence of the statutes affecting the question the character and effect of the statements must be determined by the common law, and, hard though the rule may be, a breach of warranty renders the policy void, whether the statements are material to the risk or not," does not conflict with the latest controlling decisions of the Supreme Court. Aloe v. Mutual Association, 147 Mo. 561; Prentiss v. Ins. Co., 225 S. W. 695; Pacific Ins. Co. v. Glaser, 245 Mo. 377.

OTTO, J.—Della Unger Park recovered a judgment in the Circuit Court of the City of St. Louis on a burglary insurance contract for losses sustained by a burglary and theft of her property. The case was appealed to the St. Louis Court of Appeals, and the judgment of the lower court was reversed. Relator seeks to quash the judgment of the St. Louis Court of Appeals. The opinion of the Court of Appeals sets out all facts necessary to a decision of the matter in the following language:

"This is an action to recover on a burglary insurance policy carried by plaintiff in defendant company. The verdict of the jury was for plaintiff in the total sum of $2640, of which amount $200 represented the damages assessed for vexatious refusal to pay, and $350 an allowance for attorneys' fees. Complying with an order of court, plaintiff remitted the last two-named items, and a judgment was entered in her favor in the sum of $2,090, from which defendant has appealed. . . .

"The answer, after denying generally the allegations in the petition, alleged the making and breach by plaintiff of warranties (1) that no part of the premises mentioned in the policy was used by any physician, surgeon, oculist or dentist for the reception or treatment of patients; (2) that she had no business address; and (3) that she had no business or occupation, but was a widow, whose income was from stocks, bonds and real estate. The answer further alleged that at the time of the issuance of the policy, and at all times during the policy period, plaintiff was a midwife, actively engaged in the practice of her profession as such, and deriving a substantial portion of her income therefrom; that the premises occupied by her were used by her for the practice of her said profession and for the reception and treatment of her patients.

"To this answer plaintiff filed a reply in which, after a general denial, it was alleged that at the time application was made for the policy, when it was issued, and ever since, defendant knew the use that was made of the premises, plaintiff's business and occupation, and the sources from which she derived her income; that with such knowledge defendant issued and delivered the policy and collected and held the premium, whereby it had waived its right and was estopped to set up breach of warranties as a defense.

"The evidence disclosed that at the time the policy was issued, and during its term, plaintiff resided in a residence owned by her at 6291 Bartmer Avenue in University City, St. Louis County, Missouri. Her first husband, Chas. F. Unger, had died in April, 1921, and some time subsequent to the institution of this action she had married one William Park.

"From October 6, 1919, to October 6, 1920, plaintiff and her husband had carried a policy of burglary insurance in the Aetna Casualty & Surety Company. Upon the expiration of that insurance, a policy in the sum of $1,000 was issued by defendant. At the end of the year the policy was renewed, and on December 12, 1921, the amount of insurance was increased to $2,000, the last-mentioned policy being the one sued on.

"The evidence was that for eighteen years plaintiff had procured practically all her insurance from one Edgar R. Smythe, who was associated with the brokerage firm of Weissenborn & Reynolds; that plaintiff would simply tell him to secure the insurance, and he, in turn, would give the order to Weissenborn & Reynolds; that plaintiff would determine the amount of insurance she wished, but would not select the company; that when Smythe was out of the city either Weissenborn or Reynolds would take care of her business; that Smythe received a commission out of the premium.

"Plaintiff's first burglary insurance policy in the Aetna Company had been procured through Weissenborn & Reynolds, who had signed

that policy as general agents, but at the time of the issuance of the policy sued on they had no burglary insurance connection, but with respect to such insurance were simply brokers.  Smythe occupied the same status.  . . .

"The policy provided that it was issued in consideration of the premium and of the statements set forth in the schedule and which, by the acceptance of the policy, were made and warranted by plaintiff to be true.  Among the statements in the schedule were the following:

" 'Statement 1.  The name of the Assured is Mrs. Della Unger.

" 'Statement 2.  The location of the building in which the Assured resides is 6291 Bartmer Avenue, University City, St. Louis Co., Missouri.

" 'Statement 3.  The building is Private Residence.

" 'Statement 6.  No part of the premises is  . . .  used by any physician, surgeon, oculist or dentist for the reception or treatment of patients, except as follows:  No Exceptions.

" 'Statement 10.  The business address of the Assured is None.

" 'Statement 11.  The business or occupation of the Assured is Widow (Income from Stocks, Bonds & Real Estate).'

"The evidence disclosed that plaintiff had been a midwife since 1906 and was engaged in the practice of her profession as such at 6291 Bartmer Avenue at the time the policy sued on was written; that she received patients in her home, the reception room being on the first floor and the consultation room, in which she kept her equipment, being upstairs; that there was a sign in front of her house reading, 'Della Unger, Midwife,' and that a portion of ·her income was derived from her profession.  The fact that she was a midwife was known to Smythe and Weissenborn & Reynolds, *but was not known to Baare or Hoffman & Sons Company,* agents of defendant.  Baare testified that he had never approved an application for burglary insurance made by one who was disclosed to be a midwife.  . . .

"Defendant assigns as error the action of the trial court in overruling the demurrer to the evidence offered at the close of the entire case.  In support of its contention it is argued that the statements contained in the schedule were warranties; that the breach of the warranties was clearly shown and that, consequently, plaintiff was not entitled to recover, inasmuch as there was no evidence that defendant had waived its right or was estopped to set up such breach of warranties as a defense.

"Under the specific terms of the policy itself, its acceptance by plaintiff constituted a warranty on her part that the statements contained in the schedule of the policy were true.  Accordingly if such statements were false, in whole or in part, there was a breach of warranty so as to render the policy void.  [Pacific Mutual Life Ins. Co.

v. Glasner, 245 Mo. 377, 150 S. W. 549; Mers v. Franklin Ins. Co., 68 Mo. 127; Aloe v. Mutual Reserve Life Assn., 147 Mo. 561, 49 S. W. 553; Lieberman v. American Bonding & Casualty Co., 244 S. W. 102; McDermott v. Modern Woodmen of America, 97 Mo. App. 636, 71 S. W. 833; Commercial Bank v. American Bonding Co., 194 Mo. App. 224, 187 S. W. 99; Krey Packing Co. v. U. S. Fidelity & Guaranty Co., 189 Mo. App. 591, 175 S. W. 322.]

"We cannot escape the conclusion that there was a breach of warranty in this case. The statements in the schedule showed plaintiff to be a widow whose income was derived from stocks, bonds and real estate, and who had no business address. It is true that plaintiff was a widow and received income from investments, but, in addition, she was a midwife, actively engaged in the practice of her profession, maintaining an office and receiving her patients at her home and deriving a portion of her total income therefrom.

"But plaintiff argues that at most the answers were only partial or incomplete and that, inasmuch as defendant failed to make further inquiry, but instead issued the policy, it may not avoid the contract. However, the test in this respect is not whether the answers were merely partial and incomplete, but whether they were incomplete on their face. If so, and the insurance company, thus put upon its guard, failed to make further inquiries concerning the matter or to do any act evidencing its dissatisfaction therewith, it may not thereafter avoid the contract for such partial or incomplete answers. [Golding v. Modern Woodmen of America, 213 Mo. App. 171, 250 S. W. 933.] But in the case at bar, the answers were complete on their face, and there was nothing in the schedule to suggest to defendant that plaintiff was actively engaged in the practice of midwifery with her office in her residence on Bartmer Avenue, or was other than a widow, with no business or occupation, living on the income from her investments. . . .

". . . It is true that the status of warranties and the effect of their breach have been changed in certain types of cases by the statutes of the State so that warranties, if not material to the risk, shall be construed as representations. But these statutes have to do only with fire, tornado or cyclone insurance and do not include burglary or theft insurance within their terms. Even were this policy covered by such statutes, there is evidence that Baare had never approved an application for burglary insurance from one who was disclosed to be a midwife. However, in the absence of statutes affecting the question, the character and effect of the statements must be determined by the common law, and, hard though the rule may be, a breach of warranty renders the policy void whether the statements are material to the risk or not. [Prentiss v. Illinois Life Ins. Co., 225 S. W. 695; Aloe v. Mutual Reserve Life Assn.; Pacific Mutual Life Ins.

Co. v. Glasner; McDermott v. Modern Woodman of America; Commercial Bank v. American Bonding Co., and Lieberman v. American Bonding & Casualty Company, supra.]   .   .   .

"It follows from what we have observed that defendant's requested instruction in the nature of a demurrer should have been given. Accordingly, the commissioner recommends that the judgment of the circuit court be reversed."

A fair analysis of the opinion of the Court of Appeals discloses the following facts:   First, that the contract in issue is a burglary insurance contract, and that therefore Section 6234, Revised Statutes 1919, which provides in substance that warranties of any facts or conditions incorporated in any fire, tornado or cyclone policy of insurance which shall not materially affect the risk insured against, shall be construed as representations only in all suits at law or in equity brought upon such policies, does not apply.

In other words, the Court of Appeals holds that the answers of relator in schedules 10 and 11 of the policy sued on are false and that since the above statute does not apply, such answers constitute warranties instead of mere representations.

Second, that the language used in the answers and warranties in schedules 10 and 11 of the policy sued on is plain and unambiguous and requires no technical construction.   Further that the answers themselves are full and complete, or at least not incomplete on their face.

The sole question for consideration here, therefore, is whether or not the opinion of the Court of Appeals as above analyzed conflicts with some controlling opinion of this court.

(a)   It is urged first that the opinion of the Court of Appeals conflicts with the decision of this court in the case of State ex rel. Security Mutual Life Insurance Company v. Allen, 305 Mo. 607, in that the Court of Appeals refused to follow the canons of construction approved in the Allen case as follows:

"  'In interpreting the contract in question certain fundamental canons of construction, relating to the construction of insurance contracts, should be kept in mind.   They may be stated as follows:   (1) The policy is to be construed liberally in favor of the assured and against the insurer.   (2)   Where a policy is susceptible of two interpretations equally reasonable, that construction most favorable to the assured must be adopted, even though in fact intended otherwise by the insurer.   (3)   The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the claim to indemnity.   (4)   The provisions in a policy, limiting or avoiding liability, must be construed most strongly against the insurer.'  "

In the Allen case which was tried in the lower court on an agreed statement of facts, affirmed by the Court of Appeals and later certified to this court, the suit was one upon a life insurance policy and the sole issue was stated in the following language: " 'The only question presented by this appeal is whether the policy in suit is a "Thirty-Payment Life Policy," or a "Thirty-Year Term Policy." ' " The language used in the policy itself was *ambiguous* and for that reason this court approved the use of the above canons of construction in determining its meaning. This court did not hold that such canons of construction were applicable to a burglary insurance contract which is unaffected by Section 6234, Revised Statutes 1919, where its language is *plain* and *unambiguous* and needs no construction or interpretation. In the opinion this court reviews the cases of State ex rel. v. Trimble, 249 S. W. 902, and State ex rel. v. Ellison, 269 Mo. 1. c. 420, and quotes with approval the following ruling in the case of State ex rel. v. Ellison, to-wit: "The language [meaning the language used in the policy] is unequivocal and is to be given its plain meaning, though found in an insurance contract."

In quashing the opinion of the Court of Appeals in the Trimble case this court said: "The decision of the Court of Appeals conflicts with the cases which hold that unambiguous language is not open to construction to defeat an insurance company any more than any other litigant, as is held in the case cited above, and others. No question concerning the liberality of construction in insurance cases is involved in this case. With all respect to our brethren in that court, we think the record should be quashed." Again in speaking of the rule of law announced in the Trimble and Ellison cases this court says: "Both of these cases, relied upon by relator, simply rule that plain and unambiguous language in a contract must be given its plain meaning, although in an insurance contract."

The above cases clearly announce two rules, one to the effect that where language used in an insurance contract is ambiguous, the canons of construction hereinbefore quoted are ordinarily applicable. Second, that where the language used in an insurance contract is plain and unambiguous, full and complete such canons of construction are not ordinarily applicable.

In substance and effect the opinion of the Court of Appeals herein clearly holds that the warranties contained in the answers in schedules 10 and 11 of the policy are *plain* and *unambiguous* and for that reason the canons of construction cited in the Allen case are not applicable. In so holding the Court of Appeals does not rule contrary to the opinion of this court in the Allen case, but in harmony therewith.

(b)   It is next insisted that the opinion of the Court of Appeals conflicts with the decision of this court in the case of Wilson Company v. Hartford Fire Insurance Company, 300 Mo. 1, and particularly

with the following language used therein, to-wit: "There is a rule of construction especially applicable to contracts of insurance that stipulations in policies in the nature of warranties or conditions are to be reasonably construed with reference to the subject-matter and not captiously or literally."

The above opinion also involved a suit upon a fire insurance policy. The policy was issued to the Kansas City Stock Yards Company "for the account of whom it may concern," and was for the benefit of the members of the Kansas City Live Stock Exchange and shippers and purchasers of live stock while in and near the stockyards. The Wilson Company brought suit on the policy as a result of a fire which destroyed some of its property. The policy sued on contained a clause reading as follows: "It is specifically understood and agreed that if there be any specific insurance on live stock as above described, then this policy shall apply only after such specific insurance is exhausted."

In addition to the policy sued on the Wilson Company carried another policy of insurance commonly known as "floating or surplus insurance," which is insurance intended to supplement specific insurance on property and attaches only when the latter ceases to cover the risk. The reason for the creation and the purpose of that character of insurance being to provide indemnity for property which could not, because of its frequent change of location and quantity, be covered by specific insurance. It was contended by the insurance company that the suit could not be maintained because of the issuance to the Wilson Company of the "floating and surplus" insurance policy. It was held by this court that the issuance of the "floating or surplus" policy was not, under the circumstances, material to the risk insured against by the policy in suit, and that since this was true it could not invalidate the policy in suit because of the provisions of Section 6234, Revised Statutes 1919.

In the course of the opinion this court further held that in a case where the defendant relies upon the issuance of "other insurance" as a defense to a suit upon a specific policy, such "other insurance" must be in existence and must be both valid and enforcible, and that since in the Wilson case such "other" insurance was "unenforcible" (because by its terms it could not be enforced until all specific insurance policies had been paid in full) its mere existence did not avoid payment of the policy in suit. The quotation made by the relator from that case does not constitute the controlling part of the opinion and at most merely states "that stipulations in the nature of warranties are to be reasonably construed and not captiously or literally."

We therefore hold that the decision of the Court of Appeals herein does not conflict with the ruling in the Hartford case.

316 Mo.—23.

(c)    It is next insisted that the opinion of the Court of Appeals in holding that plain and unambiguous warranties in a burglary insurance contract may be made the basis of forfeiture, conflicts with the rulings of this court in the cases heretofore cited.  As stated before, we do not think this ruling of the Court of Appeals conflicts with the cases cited by relator.  On the contrary in the cases of Pacific Ins. Co. v. Glasner, 245 Mo. 377, and Prentiss v. Illinois Life Ins. Co., 225 S. W. 695, and other cases decided by this court, it has been held that in the *absence of a statute on the subject* a forfeiture clause may be enforced where it is based upon a plain and unambiguous false warranty.

It therefore follows that our writ herein was improvidently issued and the same is hereby quashed.  It is so ordered.  All concur, except *Graves, J.,* absent.