EAGLE MILL COMPANY, Appellant, v. A. S. CAVEN, Respondent.

**Kansas City Court of Appeals, November 7, 1898.**

1. **Damages:** CONTRACT: ACCEPTANCE: INSTRUCTION.  In an action for damages for breach of contract an instruction on the measure of damages will not be considered where the verdict shows that the defendant's offer was never accepted so as to become a contract.

2. **Contracts:** CORRESPONDENCE: BREADTH OF ACCEPTANCE.  To constitute a contract by correspondence the acceptance must be in exact harmony with the proposal.

*Appeal from the Dade Circuit Court.* — HON. D. P. STRATTON, Judge.

AFFIRMED.

L. W. SHAFFER and WILLIAM B. SKINNER for appellant.

(1) "The rule is that where a contract to deliver goods at a certain price is broken, the measure of damages is the difference between the market price and the contract price at or about the time the goods should have been delivered, or the time the contract is broken." Northrup v. Cook, 39 Mo. 208; Milling Co. v. Walsh, 97 Mo. 287; 21 Am. and Eng. Ency. of Law, note on p. 616, and authorities cited in support thereof. (2) "It is no doubt quite settled that on a contract to supply goods of a particular sort, which at the time of the breach can be obtained in the market, the measure of damages is the difference between the contract price and the market price at the time of the breach." 21 Am. and Eng. Ency. of Law, note 1, p. 614, and authorities cited in support thereof; McKnight v. Dun-

lop, 5 N. Y. 537; 1 Suth. on Dam., pp. 91, 92, 173 and 174.

MANN & TALBUTT for respondent.

(1) Respondent's proposition by letter to furnish wheat, f. o. b. cars at Pennsboro for sixty-five cents, demanded answer by wire upon receipt of letter or no trade. To hold respondent to his proposition it was necessary that appellant should accept by wire the same day it got the letter. Whether it did so accept it or not was a question properly submitted to the jury by the instructions given by the court. To constitute a binding contract by correspondence there must be a proposition made by one party and accepted exactly as made by the other party. James & Sons v. Fruit Jar Co., 69 Mo. App. 207; Duke v. Compton, 49 Mo. App. 304–311; McLean v. Gymnasium Ass'n, 64 Mo. App. 55; Cangas v. Rumsey, 37 Mo. App. 297; Lancaster v. Elliott, 28 Mo. App. 86; Egger v. Nesbitt, 122 Mo. 667. (2) Admitting, for the sake of argument, that the message of acceptance was in time, there was no acceptance, as a matter of fact. Respondent's proposition to furnish one to two cars left it optional with him whether he should furnish one or two, and the wired acceptance of two cars was a variance of his proposition and bound him to deliver two cars, which he had not definitely agreed to do. The minds of the person making the offer and the one accepting it must meet in regard to the same subject-matter and terms of sale. So long as any matter forming an element of the contract is left open, it is no contract. Green v. Cole, 103 Mo. 70; Egger v. Nesbitt, 122 Mo. 667–675; Eads v. Carondelet, 42 Mo. 113; Bruner v. Wheaton, 46 Mo. 363; Strange v. Cowley, 91 Mo. 287, 295; Robinson v. Railway, 75 Mo. 494, 498; Taylor v. Von Shraeder,

107 Mo. 206–225.   An offer by correspondence imposes no obligation until it is accepted according to its terms. James & Sons v. Fruit Jar Co., 69 Mo. App. 207, 214.

GILL, J.—The plaintiff, a milling corporation at Memphis, Tennessee, sued the defendant, a resident of Greenfield, Missouri, to recover damages for an alleged breach of a contract it claims to have made with the defendant for the purchase of two car loads of wheat, to be delivered f. o. b. the cars at Pennsboro, Missouri.   The alleged contract was made, if at all, through a certain letter and telegram passed between the parties.   It seems that during the first days of October, 1896, plaintiff wrote and telegraphed to defendant offering to purchase wheat, and thereupon the latter wrote the following to plaintiff:

STATEMENT.

"SOUTH GREENFIELD, Mo., Oct. 4, 1896.
"*Eagle Mill Company, Memphis, Tenn.*:

"GENTLEMEN:—Your message of 2nd and 3rd to hand, also letter just received (it was missent and delayed).   In regard to wheat, I will offer you one to two cars nice milling red winter wheat, testing from 58 to 60 pounds, all test 60 with cheat out, at 65c f. o. b., Pennsboro on Aurora branch of the K. C. M., my weights. The excitement on wheat is running high, and this is the best I could offer at present.   This is for a wired acceptance on receiving this letter or no trade.   Don't fail to wire if you want the wheat at price.                    Truly yours,
                    "A. S. CAVEN."

On the sixth day of October defendant received the following telegram in answer to the above:

                    "October 6th, 1896.
"*To A. S. Caven, South Greenfield, Mo.*:

"Letter received; we accept your offer—two cars, two soft wheat.   Ship quick.
                    "EAGLE MILL COMPANY."

Defendant testified that his letter to plaintiff, dated October 4, was mailed on the train going to Memphis at about five o'clock in the afternoon of that day, and that by due course of mail it should have reached the plaintiff on the morning of the fifth of October. Plaintiff's secretary and manager, however, testified that he did not receive defendant's letter until October 6, and that it was answered forthwith by telegram of that date. On the other hand, defendant further testified to the effect that about October 20 he had a conversation with plaintiff's secretary and manager at the depot at Greenfield, wherein said manager admitted that he received defendant's letter, dated October 4, on the morning of October 5, but that he at first thought the price asked for the wheat was too high, and that he (the manager) deferred an answer until the sixth, the following day.

It is conceded that defendant received plaintiff's telegram of date, October 6, and that he declined to furnish the wheat.

On this state of facts, the court at the instance of defendant, gave the following instruction:

"The court instructs the jury that defendant, in his letter to plaintiff of October 4, 1896, had a right to require, and did require of plaintiff a wired acceptance of the proposition contained in said letter upon the receipt by plaintiff of the same, and that before plaintiff can recover any damages whatever in this action it must show by a preponderance or greater weight of the evidence that they wired defendant and accepted his said proposition upon the same day that defendant's letter was received by plaintiff, and unless you find that plaintiff did wire its acceptance upon the same day it received defendant's said letter, your verdict should be for the defendant."

And further of its own motion the court told the

jury, in effect, that if plaintiff did not receive defendant's letter of October 4 until the sixth day of said month, then the verdict should be for plaintiff. But if said letter was received by plaintiff on October 5, 1896, then the verdict should be for defendant.

Under these instructions the jury returned a verdict for defendant. Plaintiff has appealed.

Under the head of "points and authorities," counsel for plaintiff have attacked the judgment solely on the ground that the court erred in its instructions on the measure of damages. We have paid no attention to these instructions in the foregoing statement of the case, because unnecessary. For if we concede, as we must from the verdict of the jury, that plaintiff failed to accept defendant's offer within proper time then there was clearly no contract, and therefore no breach thereof, and the jury had no cause to, and did not consider the measure of damages. Any error then in respect thereto by the court was of no possible prejudice to the plaintiff.

The case was made to turn upon the point as to whether or not plaintiff duly accepted defendant's offer to sell the wheat. The court below construed defendant's letter of October 4 as containing a proposition open only to plaintiff's acceptance by telegraph sent immediately on receipt of said letter. The construction of said letter and reply thereto was a question of law for the court. As to whether or not plaintiff replied by wire at once on receipt of the letter was a question of fact for the jury. The court, in substance told the jury that defendant's proposition (October 4) called for an answer by wire on October 5 if received by plaintiff on that day—that said offer was not open for acceptance the next day, and this was proper. The letter read: "*This is for a wired acceptance on receiving this letter or no trade.*" As to whether or not

the acceptance was wired on the same day the letter was received at Memphis, Tennessee, the evidence was conflicting. This presented an issue of fact for the jury, and it was settled by the verdict adversely to the plaintiff.

To constitute a contract by correspondence the acceptance must be in exact harmony with the proposal—must be in substantial accord with its terms. James & Sons v. Fruit Jar & Bottle Co., 69 Mo. App. 207; and authorities there cited.

Under the facts then found by the jury the judgment is manifestly for the right party and will be affirmed. All concur.