LUCY A. GIBSON, Respondent, v. STATE MU-
TUAL LIFE ASSURANCE CO. of Worcester,
Mass., Appellant.

Kansas City Court of Appeals, November 23, 1914.

1. **LIFE INSURANCE:** Failure to Pay Premiums: Extended:
Paid-up Insurance: Statute Exempting Non-Forfeiture Laws.
After paying sixteen annual premiums on a life insurance
policy, insured defaulted in the payment of the seventeenth
and died shortly thereafter. His beneficiary sued for the full
amount of the policy as extended insurance given by the Mis-
souri Non-Forfeiture Statutes in force at the time the policy
was issued. The insurance company claimed that under section
5859 as amended April 19, 1895, Laws of Mo. 1895, p. 197, she
is entitled to paid up insurance only. This section provides
that if the policy contains a provision for unconditional paid-up
insurance, the statutes providing for extended insurance shall
not apply.

2. ———: ———: ———: ———. The application called for
ordinary life insurance. Neither it nor the body of the policy
contained any reference to paid-up insurance or to any auxiliary
agreement for the same. The application was signed by the
insured and sent by him with the first premium to the com-
pany who accepted them and issued the policy. The clause
in reference to paid-up insurance, relied upon by the com-
pany, appeared only on the back of the policy. *Held*, that the
application and the body or face of the policy constituted a
complete contract of insurance, according to the strict terms
of which the insured was entitled to extended insurance under
the Missouri laws. And as the parties were unable, prior to
the enactment of Sec. 5859, to contract for the exemption of
the policy from the laws of the State, it would seem from
this, and from the wording of the statute, that the statute
intended that the provision exempting the policy from the
operation of the nonforfeiture law must be contained in the
body of the policy itself or be referred to therein in such way as
to clearly show that it was clearly one of the terms of the
contract. As the company is seeking to come within the ex-
emption provided by the statute it must bring itself strictly
within its terms.

3. ———: ———: ———: ———. Where the provision for
unconditional paid-up insurance implies that if any benefit is
to be obtained from it by the insured, arrangement must be

made therefor on the anniversary of the issuance of the policy, it does not comply with the statute since it is not unconditional.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*James P. Denny* for appellant.

(1) The statutes of Missouri, in force at the time this policy was issued, entered into and became a part of the contract as much so as if written therein. Cravens v. N. Y. Life Ins. Co., 148 Mo. 583; Cravens v. N. Y. Life Ins. Co., 178 U. S. 389; Burridge v. N. Y. Life Ins. Co., 211 Mo. 158; Paschedag v. Mut. Life Ins. Co., 155 Mo. App. 185. (2) And the Legislature cannot destroy the contract rights of the parties by sebsequent repeal. Christensen v. N. Y. Life Ins. Co., 160 Mo. App. 494; Schmidt v. Foresters, 228 Mo. 699; Equitable Assurance Society v. Clements, 140 U. S. 233. (3) The provisions of the policy for cash surrender value and paid-up insurance, taken with the agreed statement of facts, clearly bring this policy under section 5859, and plaintiff is not entitled to temporary insurance under section 5856. Price v. Conn. Mut. Life Ins. Co., 48 Mo. App. 296; Epperson v. N. Y. Life Ins. Co., 90 Mo. App. 432; Nichols v. Mut. Life Ins. Co., 176 Mo. 355. (4) The agreement of the company on the second page of the policy is a part of the policy. Dakin v. Union Mut. Life Ins. Co., 125 Mo. App. 451; Crigler v. Standard Fire Ins. Co., 49 Mo. App. 11.

*R. B. Caples* for respondent.

(1) The policy and the application, which by the terms of the policy is made a part thereof and referred

to, constitute a complete contract of insurance. This contract cannot be enlarged or in any way modified by a collateral writing not referred to in, or made a part of the policy. Gooch v. Conner, 8 Mo. 391; Goodson v. B. L. Association, 91 Mo. App. 339; Planters Insurance Co. v. Rowland, 66 Md. 236; Goodson v. Ins. Co., 91 Mo. App. 343; Fithian v. Ins. Co., 4 Mo. App. 386; Wallace v. Ins. Co., 80 Mo. App. 102; Dakan v. Ins. Co., 125 Mo. App. 86. (2) The policy contains no agreement for a surrender value in case of a forfeiture for failure to pay premium as required by section 5859. For examples where such agreements were inserted in the policy and held sufficient see Price v. Ins. Co., 48 Mo. App. 281; Nichold v. Ins. Co., 176 Mo. 369-374. (3) The offer made by appellant in the writing on the back of the policy is plainly, not unconditional in that it limits its offer to one day in each year. Whittaker v. Ins. Co., 133 Mo. App. 664; Smith v. Ins. Co., 173 Mo. 329. (4) Appellant's contention involves a forfeiture of one-half of the amount of insurance promised in the face of the policy. The courts abhor forfeitures and will indulge in no presumptions to aid them. King v. Ins. Co., 133 Mo. App. 619.

TRIMBLE, J.—Respondent is the widow of John W. Gibson and the beneficiary in an insurance policy on his life issued by appellant May 12, 1897. After paying sixteen full annual premiums Gibson defaulted in the payment of the seventeenth, which fell due on May 12, 1913, and, while in default, died on June 20th of that year. Satisfactory proofs of death were promptly furnished.

Respondent claims that she is entitled to recover the full amount of the policy (less the defaulted premium and a small loan made to the insured), as extended insurance given by the Missouri Nonforfeiture statutes as they stood at the time the policy

was issued. Appellant insists that the policy contains a provision for a specified sum as paid-up insurance in accordance with the laws of Massachusetts, and that therefore respondent is restricted to this sum, since, under the terms of our statute, whenever the policy contains such a provision, the statutes creating extended insurance are not applicable.

The policy having been issued on May 12, 1897, the statutes of which respondent claims the benefit are sections 5856 and 5858, Revised Statutes 1889. The appellant relies upon section 5859 as amended April 19, 1895, Laws of Mo. 1895, p. 197.

It is unnecessary to set out the provisions of the two statutes under which respondent claims since it is conceded that if the policy does not come within the terms of section 5859 as amended, then respondent's claim is well founded. So far as applicable to this case, section 5859 provides that sections 5856-8 shall not be applicable "if the policy shall have been issued by any company authorized to do business in this State, and organized under the laws of another State of the United States which prescribes a surrender value or paid-up or temporary insurance in case of default in payment of premiums, and shall contain an agreement for such surrender value, temporary or paid-up insurance, as prescribed by such other State as a part of said policy, or if the policy shall contain a provision for an unconditional cash surrender value at least equal to the net single premium for the temporary insurance provided hereinbefore, or for the unconditional commutation of the policy for nonforfeitable paid-up insurance."

It is admitted that the policy was issued by a company authorized to do business in this State and organized under the laws of Massachusetts and that the laws of that State prescribed cash surrender and paid-up insurance values in accordance with the provisions of the above quoted statute. The sole ques-

tion for determination here is, does the policy contain
an agreement for such paid-up insurance, or a pro-
vision for an unconditional cash surrender value or
for the unconditional commutation of the policy into
nonforfeitable paid-up insurance? In other words, is
the liability of appellant to be fixed by the terms of
section 5859 as amended in 1895, or by the terms of
section 5856?

The written application made by insured and
upon which the policy was issued, stated that insured
desired an ordinary life policy for $1000, payable to
his wife in case she survived him, and agreed to pay
an annual premium of $45.10 during his life. Nothing
is said therein about the laws of Massachusetts gov-
erning the policy, or about any other kind of insur-
ance. On receiving this application and the first cash
premium, the appellant accepted the same and deliv-
ered to the insured the policy in question. In it ap-
pellant promised that, in consideration of the applica-
tion and the $45.10 accompanying it and of the
payment of a like sum on or before May 12th in each
year during the life of insured, it would, upon sat-
isfactory proof of insured's death, pay respondent
$1000 less any indebtedness due the company, and that
after two years the policy should be incontestable
provided the premiums were paid as agreed. There
were no other terms contained on the face of the
policy.

The provision relied upon by appellant to take
the policy out of the operation of the statutes in
respondent's favor does not appear in the body of the
policy nor is it referred to in any way therein or in
the application signed by the insured. It is endorsed
on the back side of the page containing the face of
the policy, and is as follows:

"In accordance with the Massachusetts Insurance
Act of 1894, the State Mutual Life Assurance Com-
pany of Worcester, hereby agrees to give on the an-

niversary of the issue of this policy at the end of two full years from the date of issue thereof, or on any subsequent anniversary, to the person or persons entitled thereto, the cash surrender value herein below stated; or in lieu thereof to carry this policy 'as paid-up insurance' for the amount corresponding to such cash surrender value, any indebtedness to the company on account of this policy first deducted therefrom.''

Following this is a table showing a paid-up insurance value, at the end of the 16th year, of $502.

Does the endorsement of this provision on the policy, and not contained in nor referred to in the body of the policy or in the application, exempt the policy from the operation of sections 5856 and 5858 so as to deprive respondent of the extended insurance therein provided?

The policy and the application, which by the terms of the policy is made a part thereof, constitute a complete contract of insurance. The insured applied for an ordinary straight life policy. So far as its terms go, the policy sought was to be a Missouri contract governed by the laws of the State and entitling the insured and beneficiary to all the rights and privileges conferred thereby. The appellant accepted this application and issued a policy which on its face corresponded strictly to the kind of policy asked for and in no way referred to any provision for surrender value or paid-up insurance. The application and the policy therefore constituted a contract of insurance complete in itself. According to its terms, as modified by the nonforfeiture statutes, the insured would be entitled to extended insurance upon default of any premium after three years. But, in an endorsement upon the back, appellant offers to do certain things which it now claims is sufficient to take the policy out of the operation of the aforesaid extended insurance statutes.

Prior to the enactment of section 5859 the laws governing an insurance policy could not be set aside by the terms of the policy even though expressly agreed to by both the insurer and the insured. [Nichols v. Mut. Life Ins. Co., 176 Mo. 374.] But by the enactment of said section authority was given to exempt the policy from the three nonforfeiture statutes (Sections 5856 and 5858), provided the parties contracted to do so. It would seem that the statute intended that the provision exempting the policy from the operation of the nonforfeiture law must be contained in the body of the policy itself or referred to therein in such way as to clearly show that the insured agreed to it as one of its terms. The statute says, "If the policy shall have been issued . . . *and shall contain an agreement* for . . . paid-up insurance as prescribed by such other State *as a part of said policy,* or *if the policy shall contain a provision* for an unconditional . . . commutation of the policy for nonforfeitable paid-up insurance." Since the appellant is seeking to come within the exemption provided by this statute, it would seem that it should show that it has complied strictly with its terms and comes clearly within the requirements demanded by it. While it has often been decided that matter endorsed on a policy is to be considered a part of it, yet in nearly all of the cases the courts deciding them have been careful to state that the endorsement was referred to or mentioned in some way in the body of the instrument. And in those holding that mere endorsements on the policy, without mention thereof or reference thereto in the body of the policy, were prima facie a part of the contract, the endorsement covered matters about which the parties were free to contract. In Planters Mut. Ins. Co. v. Rowland, 66 Md. 236, l. c. 240, it is held that "an endorsement on the back of a policy may be regarded as part of the contract, provided it is referred to in the policy as constituting

part of it. If, however, there be no reference whatever to it in the policy, nothing to show that the parties meant it to be a part of the contract, it will be regarded merely as the act of the insurer, and not therefore binding on the insured. [Stone v. U. S. Casualty Co., 34 N. J. Law, 371; Kingsley v. New Eng. Mut. Fire Ins. Co., 8 Cushing, 393; Ferrer v. Home Mut. Ins. Co., 47 Vt. 416; Farmers' Ins. & L. Co. v. Snyder, 16 Wend. 481; Bize v. Fletcher, Doug., 291, note.]'' So also to the same effect is 1 Joyce on Ins., sec. 195. This would seem to be especially true in a case of this kind where the endorsement is sought to be used by the insurer to take the policy out of the operation of laws enacted for the protection of the insured. In line with this principle it is held in Goodson v. National Accident Assn., 91 Mo. App. 339, that the statute requiring an insurance company to specify the exact sum it promised to pay meant that it must be specified in the body of the policy itself, and that an endorsement on the back specifying the amount to be paid was a compliance with the statute because the endorsement was specifically referred to in the face of the policy and was thereby made a part of it. In like manner it would seem that the statute under consideration in the case at bar contemplates that the policy itself should contain the provision relied upon to exempt it from the State insurance laws or that at least some reference or mention should be made of it in the application or policy so as to clearly show the insured's express contractual assent thereto. Otherwise the insurer may secure an exemption which was not provided for in the contract, and which was not contemplated by at least one of the parties at the time the insurance contract was entered into. It is not clear from the terms of the provision that it was to cover a case of default in the payment of premiums. Nothing is said in the endorsed provision about default in the payment of

premiums, and everything specified in the policy is conditioned on the payment of the premiums as they fall due. The wording of the provision implies that, if any benefit is to be obtained from it, arrangement therefor must be made on an anniversary of the issu-.ance of the policy. And the natural inference would be that the premium due on that anniversary must be paid since all the benefits of the policy are by its terms made contingent upon the payment of premiums when due. If the provision means that it must be arranged for on a premium paying day, then the provision for the commutation of the policy into paid-up insurance is not unconditional as the statute requires. [Smith v. Mut. Benefit Life Ins. Co., 173 Mo. 329.] It would have been an easy matter to have inserted a plain and unequivocal statement in the policy providing for unconditional paid-up insurance in case of default in payment of premiums and thereby obtained the in-. sured's consent to the policy being exempt from the non-forfeiture laws of the State. This would clearly have shown that he contracted that it should be done. Instead of this an equivocal and uncertain provision is endorsed on the back of the policy which, if given the effect contended for, will work a forfeiture of half the amount due on the policy without being mentioned or referred to in any way in the body of the contract.

We are of the opinion that in order to claim the benefit of the above exemption statute the insurer must come strictly within its terms, and that such was not done in this case.

The judgment is, therefore, affirmed. All concur.

## ON MOTION FOR REHEARING.

The foregoing opinion holds that section 5859, Revised Statutes 1889, exempting policies from the Nonforfeiture Law, if the policy shall contain an agreement for paid-up insurance, means

that such agreement must be in the body of the policy or be referred to therein in such way as to show the assured's express contractual assent thereto, and that as there was nothing in either the application or the policy referring in any way to such agreement, a mere endorsement on the back of the policy of an agreement in relation to paid-up insurance does not comply with the statute. Appellant now contends that this ruling is in conflict with certain decisions hereinafter mentioned.

The first of these cases is that of Nichols v. Mutual Life Ins. Co., 176 Mo. 355. But in that case the application was by the policy made a part of the contract and contained an agreement on the part of the assured "that the contract of insurance should be subject to and based upon the laws of the State of New York," l. c. 374. Of course if there was an agreement that the policy should be governed by the laws of the State of the company which authorized paid-up insurance, then this would be a compliance with section 5859. But there is no such agreement in the case at bar.

The next case is that of Price v. Conn. Mutual Life Ins. Co., 48 Mo. 281, but the application in that case and also the policy itself contained full and explicit agreements concerning paid-up insurance and the waiver of insured's rights under the nonforfeiture law, l. c. 283. Hence, defendant cannot rely upon it.

The next case is that of Dakan v. Union Mut. Life Ins. Co., 125 Mo. App. 451. In that case the policy expressly provided that the provisions of the Maine Nonforfeiture Law should apply. Under that law the actuary's computation extended the policy for a period of five and a fraction years. By a table on the back of the policy, not referred to either in the application or the policy, plaintiff contended the term of extension was for a period of eleven and a fraction

years. The insured did not die within the term provided for by the policy but did die within the term it was alleged the table provided. The court held, however, that if the table "served any purpose in the way of elucidating the terms of the contract" it might be construed as a part thereof yet this would not be done where the endorsement must be construed as conflicting with the terms of the policy, and refused to allow the endorsement to have any effect. This ruling is to the effect that an endorsement on the back of the policy, nowhere referred to either in the application or the policy, is not, under all circumstances to be considered a part of the policy, which is the ruling in the case at bar.

The last case cited by defendant is Smoot v. Bankers Life Assn., 138 Mo. App. 438. In that case the issue was whether the company was an assessment or an old-line company. The policy itself provided that benefits were to be paid the insured. An endorsement on the back of the policy stated that benefits were to be provided for by assessments. The court merely referred to this endorsement as one of the things going to show that the company did business on the assessment plan. The court was careful, however, to call attention to other facts shown in evidence that the company was in reality an assessment company. And the notices sent to the assured showed that to be a fact. As to the endorsement being a part of the policy, the court said (p. 461), "That an endorsement on the back of the certificate is to be construed along with the face of the certificate has often been decided, and seems to have been a controlling fact in Elliott v. Safety Fund Life Assn., 76 Mo. App. 462, l. c. 565." In that case the endorsement was in reference to the terms of payment of the premiums. The premiums, of course, were referred to in the policy. Hence the endorsement was a "mere elucidation" of the terms of the policy. Neither of these

cases hold that an endorsement is, under all circumstances, to be construed as a part of the policy. They are, therefore, not in conflict with the case at bar in the ruling it makes, namely, that an endorsement on the back of the policy which is not referred to in any way in the policy or application is not a compliance with section 5859, Revised Statutes 1889, exempting a policy from the operation of our nonforfeiture laws if it "shall contain an agreement for paid-up insurance as a part of said policy." The motions for a rehearing and to transfer are, therefore, overruled. All concur.