JOHN C. GROVER, RESPONDENT, v. THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, APPELLANT.—51 S. W. (2d) 210.

Kansas City Court of Appeals. May 23, 1932.

*Virgil Yates* for respondent.

*Hogsett, Smith, Murray & Trippe* for appellant.

BLAND, J.—This is an action on a burglary insurance policy. The case was tried before the court without the aid of a jury, result-

ing in a judgment in favor of the plaintiff in the sum of $650. Defendant has appealed.

The facts, which were admitted at the trial, show that on or about August 15, 1924, during the term of the policy, a diamond ring of the value of $650, belonging to plaintiff's wife, was stolen from a cabin at Pine Hurst Lodge, Deer River, Minnesota, then being occupied by plaintiff and his family while they were on their vacation on a fishing trip. The policy provided:

"IN CONSIDERATION OF the statements in the schedule attached hereto and made part hereof (which statements the assured makes and warrants to be true and material by the acceptance of this policy), and of the stipulated premium, hereby insures the person or persons named in the schedule and hereinafter called the assured, subject to conditions of general and special agreements hereinafter contained or hereunto affixed.

"FOR DIRECT LOSS BY BURGLARY, THEFT OR LARCENY of any of the property of the assured, described in the said schedule and stated to be insured hereunder, from within the house, building, apartment or rooms, occupied by the assured (excluding porches, stables, garages and out buildings), also described in the schedule and hereinafter called the premises, by any domestic servant or other employee of the assured or by any other person or persons except any person whose property is insured hereunder.

"FOR DIRECT LOSS BY DAMAGE (except fire) to such property and premises caused by such burglary, theft, or larceny."

Under the heading "Special Agreements" appear provisions material to this controversy, as follows: That the company should not be liable for any loss or damage if the "premises" were used in whole or in part as a boarding or lodging house or for any business or professional purposes except as stated in the schedule; that the "premises" might be let or sublet to a tenant, except for use as a boarding or lodging house, or for any business or professional purposes; that while the "premises" were occupied by such tenant, the policy should cover the assured's property as described in the schedule, excluding wines, etc.; that the policy should not cover loss or damage to any property of the tenant or members of his household; that there might be a "permissible vacancy" by the assured leaving the "premises" vacant or unoccupied for not more than four months in all in any policy year or any specific extension thereof by written permit attached to the policy; that during such "permissible vacancy" the policy should cover in full as written; that the "premises" should be considered unoccupied when neither the assured nor a member of his household (including servants or an authorized representative) were actually in the "premises."

We next find the following in the policy:

## "SCHEDULE

"STATEMENT 1. The assured is JOHN C. GROVER and any member of his family permanently residing with him, and any other person permanently residing with him who does not pay board or rent, excepting however, domestic servants or other employees.

"STATEMENT 2. The location of the building in which the assured resides is 5434 Rockhill Road, Kansas City, Jackson County, Missouri.

"STATEMENT 3. The building is fully described as follows: Private residence.

"STATEMENT 4. The part of the building occupied by the assured and defined herein at the premises is: Entire.

"STATEMENT 5. If an apartment house there is a regular front door, hall, or elevator attendant. . . . .

"STATEMENT 6. The premises as defined in this policy are not used in whole or in part as a boarding house, or lodging house, nor by any physician, surgeon, oculist, or dentist, for the reception or treatment of patients, or for any other business or profession, except as herein stated: No exception.

. . . . . . . .

"STATEMENT 13. The insurance provided by this policy and the premium therefor shall apply:

Section (a)   On jewelry, precious stones, watches, articles of gold, platinum and sterling silver, furs and articles made entirely or principally of fur. Articles enumerated in and specifically covered by Section c of this Statement shall in no event and for no purpose be considered to be covered by this Section. . . . . . . . . .$1000.00   $27.50."

It is the contention of the defendant that the policy shows plainly and unambiguously that the risk insured against was the risk of loss by burglary, theft or larceny from within the house located at 5434 Rockhill Road, Kansas City, Missouri. On the other hand it is contended by the plaintiff that "plaintiff's property was insured in his dwelling house wherever it might be. . . . . It will be observed that after enumerating the different places covered by the policy the clause concludes with the statement 'also described in the schedule' and not 'hereinafter described in the schedule,' which latter provision would, of course, makes the policy plain and unambiguous. We will now go to the schedule itself and see what help it gives us in determining whether the terms of the policy are ambiguous or otherwise."

"Statement 1 of the schedule sets out that the assured is John C. Grover and any member of his family. Statement 2 recites 'that the location of the building in which the assured resides is 5434 Rockhill Road,' but does not say anything whatever to the effect 'and to which this insurance applies,' nor is there anything to the effect that the property must be in this particular building to be covered, as an examination of statement 13, secs. A and B, will show." (Italics plaintiff's.)

We think there can be no question but that this policy should be construed as contended for by the defendant. The whole tenor of the policy shows that the property was insured if taken from within plaintiff's home or residence in Kansas City, Jackson County, Missouri, located at 5434 Rockhill Road. There is nothing in the policy remotely referring to a temporary residence or abode of the insured.

In the first place, we think that the insurance clause is quite plain and unequivocal and provides for loss or damage from burglary, theft or larceny of the property only within the premises occupied by the assured described in the schedule, or 5434 Rockhill Road, Kansas City, Missouri. In addition to this, why does the policy speak of letting the "premises" by the insured to a tenant and for a four months' vacancy permit, referring again to the "premises." This could not well contemplate the vacancy of some temporary abode, which insured might occupy for an indefinite length of time, either great or small, but plainly refers to a permanent residence. In the schedule material statements were made in reference to the premises showing that the company had in contemplation but one location of the premises, that named in the schedule.

The intention shown in the policy is so clear as to be entirely free of any doubt in our minds as to what was meant, that is, that the property insured was insured against burglary, theft and larceny from insured's residence located at 5434 Rockhill Road, Kansas City. [Fid. & Dep. Co. v. Panitz, 142 Md. 300; Fid. & Cas. Co. v. Young Shoe Parlor, 150 Ga. 402; Taylor v. U. S. Fid. & Guar. Co., 283 S. W. 161; Axe v. Fid. & Cas. Co., 239 Pa. 569; Rosenberg v. Gen. Acc., etc., 246 S. W. 1009; State ex rel. v. Daues, 316 Mo. 346.]

. Where the provisions of the policy are plain, unambiguous and unequivocal, it is the duty of the court to apply its terms as written and not to construe them. [State ex rel. v. Trimble, 297 Mo. 659; State ex rel. v. Cox, 322 Mo. 38.]

Plaintiff seems to lay stress on the word "also" as contained in the insuring clause of the policy, but he does not attempt to inform the court as to his construction of that word, except to say, negatively, that taken in connection with the text it does not mean "hereinafter described in the schedule." We think its meaning is apparent. The insuring clause of the policy refers to the schedule three

times: (1st) For a description of the persons insured: (2nd) For a description of the property insured, and (3rd) For a description of the premises from which the theft must take place in order to render defendant liable. The insuring clause refers to the persons and the property to be insured before it refers to the schedule for a description of the premises on which the property must be located to be covered. Therefore, it is not surprising that the word "also" was used in connection with the last reference to the schedule. In other words the policy says that the persons insured, the property insured and "also" the premises described are mentioned in the schedule. Plaintiff admits that if instead of the phrase "also described in the schedule," it (the policy) said "hereinafter described in the schedule," it would plainly mean that the premises mentioned in the policy referred only to 5434 Rockhill Road, Kansas City, Missouri. Reading the insuring clause as a whole, there is no question but that the phrase contained therein and the one suggested by plaintiff mean one and the same thing.

The only questions involved in this suit was one of law and there was no theory upon which the court could have rendered judgment in favor of the plaintiff.

The judgment is reversed. All concur.