SEELIG et al. v. ST. PAUL FIRE & MARINE INS. CO. (LEVIN, third-party defendant).

Civ. A. 10310.

United States District Court, E. D. New York.

Jan. 16, 1953.

Prince & Loeb, New York City (by Sidney Loeb, New York City, of counsel), for plaintiffs.

Bigham, Engler, Jones & Houston, New York City (by James M. Hughes, Jr., New York City, of counsel), for defendant and third-party plaintiff.

Mortimer J. Levie, New York City, for third-party defendant.

BYERS, District Judge.

This is an action upon a so-called Jewelers' Block Policy, but what the adjective means has not been explained; its office may be merely to preserve the cryptic traditions of the calling pursued by underwriters.

The case was tried January 5 and 6, 1953, and decision is required as to motions not disposed of at the close of the trial.

The policy covers precious stones, jewelry and precious metals, constituting (a) property of the assured—the plaintiffs—(b) that of others entrusted to them "who are not dealers in such property or not otherwise engaged in the jewelry trade," (c) property of such others "but only to the extent of the assured's own actual interest therein, because of money actually advanced thereon, or legal liability for loss of or damage thereto."

Coverage applies while the property is in any place in the United States or while therein being carried in transit *except as limited and excluded*, as later to be stated.

The property involved was that of the plaintiffs, and disappeared while in transit, namely, from an automobile owned and driven by one Levin, a commission salesman for the plaintiffs.

The question for decision was thought probably to turn upon the legal relationship between the plaintiffs and Levin as it may be deemed to have affected the engagements of the parties to the contract in suit. That question however disappears, as I shall try to show.

The occasion for decision was the removal from the locked trunk of Levin's car, of about $7,500 worth of jewelry, contained in two telescope bags which he had placed therein. He had delivered the car to a representative of the garage which was the usual place for the storage of automobiles driven by guests of the Hotel St. Francis, Canton, Ohio, in the late afternoon of April 19, 1949 at about 5:30 to 6:00 P.M. He had tested the handle of the trunk just before making the delivery, and found that it was locked, the only key being in his possession.

The limitation above referred to is in the following form:

"The maximum liability of this company for any loss in respect to:

"1. (Outside limit). Property in transit by express or first class registered mail (or air mail or air express, if endorsed hereon and not otherwise limited) or which is deposited in the vault of a bank or safe deposit company *or which is in the possession of a dealer in property described herein not employed by or associated with the assured,* is limited to *$20,000.00.* (Italics supplied.)

"2. (Travel limit). Property elsewhere than at the premises of the assured (not included in clause 1 above) is limited to *$5,000.00.*"

For convenience, the foregoing in lowest applicable terms can be rendered thus:

"The maximum liability of this company for any loss in respect to:

"1. Property * * * which is in the possession of a customer or in the custody of a dealer * * * *not em-*ployed by or associated with the assured* is limited to $20,000.00.

"2. (Travel limit). Property elsewhere than at the premises of the assured *(not included in Clause I above)* is limited to $5,000.00." (Italics added.)

It was agreed at the trial that the foregoing provision was intended to mean that coverage of plaintiffs' property in the custody of a dealer not employed by or associated with them is limited to $20,000. Coverage as to property which is in the custody of a dealer employed by or associated with the assured is limited to $5,000.

Thus, if Levin was a dealer not employed by or associated with the plaintiffs, coverage could perhaps amount to $20,000, since the property was in transit; while if he was a dealer employed by or associated with the plaintiffs, the coverage *could not* in any case exceed $5,000.

The legal nature of Levin's relationship to the plaintiffs did not determine the question of recovery, however, until the effect of the following exclusion should be examined:

Par. 2 above quoted, contains immediately following the $5,000 limit, these words:

" * * * This policy covers loss of and/or damage to the above described property or any part thereof arising from any cause whatsoever *except* as hereinafter mentioned, viz:

"(I) Loss of or damage to property insured hereunder whilst in or upon any automobile, motorcycle or any other vehicle *unless, at the time the loss occurs, there is actually in or upon such vehicle, the assured or a permanent employee of the assured,* or a person whose sole duty it is to attend the vehicle; this exclusion shall not apply to property in the custody of a common carrier covered hereunder or in the custody of the Post Office department as first class registered mail." (Italics supplied.)

Thus the exclusion would operate to defeat the plaintiffs' recovery if (a) Levin was not a permanent employee of the plaintiffs, because the policy did not cover loss of plaintiffs' property while in an automobile,

except as stated below; if Levin was a customer or a dealer "not employed by or associated with the assured" the loss could not be compensated beyond $20,000 but the coverage in transit which would otherwise apply is subject to the exclusion which has been quoted; if (b) Levin was a permanent employee of the plaintiffs the exclusion would apply because at the time the loss occurred there was not actually in or upon the vehicle, the assured or either of them, or Levin, i. e. "a permanent employee of the assured, or a person (driver or chauffeur) whose sole duty it is to attend the vehicle."

It is apparent that the purpose of the policy in this connection was to cover a loss occurring in connection with the hold up of a motor vehicle while being operated by a permanent employee of the assured only; otherwise, the coverage generally applying to property in transit would not protect property being carried in private motor vehicles.

These considerations impose the present duty of granting the defendant's motions for a directed verdict and judgment in its favor.

For completeness, it should be added that the only testimony in the case is that of the plaintiffs and of Levin, since the defendant rested at the close of the plaintiffs' case. If the matter had been then understood as clearly as I think it is now, there would have been no submission of any question to the jury, and the disposition now made would have been ordered at the close of the trial.

However, what took place was this:

At the insistence of the plaintiffs that there was a question of fact upon which the jury should pass, the Court weakly and in spite of its better judgment to the contrary, submitted three questions to the jury, it having been agreed by counsel that no issue is deemed to have survived concerning the value of the plaintiffs' property so taken and that the jury should be permitted to express its opinion concerning the legal relationship which existed between the plaintiffs and Levin, for the purposes of this litigation, at the time that the loss occurred.

For failure to agree, the jury did not answer Questions 1 and 3, concerning the status of Levin as a permanent employee of the plaintiffs on the one hand, and as an independent dealer not associated with them, on the other.

The second question was answered, "Yes," namely: Was Levin employed by or associated with the plaintiffs in respect of the sale of plaintiffs' merchandise, within the intent and purpose of the policy?

That may be regarded as somewhat of an advisory verdict and has been recorded for what it is worth.

The decision however, as has been stated, is that the defendant's motion for a directed verdict and for judgment, with costs, is granted.

Settle order.