Alan, Milton and Jake STEINZEIG, d/b/a
A & M Jewelry Company, a copartner-
ship, Plaintiffs-Respondents,

v.

MECHANICS AND TRADERS INSUR-
ANCE COMPANY, a Corporation,
Defendant-Appellant.

No. 22531.

Kansas City Court of Appeals. Missouri.

Jan. 7, 1957.

Lewis W. Sanders, Knipmeyer, McCann & Sanders, Kansas City, for appellant.

George V. Aylward, Kansas City, for respondents.

CAVE, Judge.

This is an appeal from a judgment in the sum of $560 in favor of the plaintiffs and against·the defendant on an insurance policy. This court has jurisdiction. Section 3, Article V, Constitution, V.A.M.S.

The petition alleges that defendant issued its Jewelers Block Policy to plaintiffs. That the premium therefor was paid and the policy in force; that on May 1, 1954, the plaintiffs suffered a loss of certain jewelry; that the loss occurred while the jewelry was in an automobile owned by one Morgan Skaggs, a salesman for the plaintiffs, which was forcibly entered and the jewelry, of the value of more than $700, was taken therefrom. The sole defense relied on concerns an exclusion clause, 5(I), the provisions of which will be noted later.

All italics herein are supplied, and all references to statutes are to 1949 Revision and V.A.M.S.

The cause was tried before the court without a jury. The court made certain findings of fact about which there is no dispute. They are to the effect that the defendant issued its policy to the plaintiffs, insuring them against loss to jewelry, watches and similar merchandise, in the amount of $16,500, *while located at the insured's premises*, 933 Broadway, Kansas City; and in the amount of $500 for losses occurring *elsewhere;* that on May 1, 1954, Morgan Skaggs, one of plaintiffs' regular salesmen, parked his Plymouth Station Wagon, which he customarily used in calling on plaintiffs' customers, on the street near his home; and after locking the doors and windows, he left the car unattended from 9:30 p. m. May 1, until the following morning. During this interval, some one forced the right front vent window, gaining admission, and stole four jewelry sample cases containing jewelry belonging to the plaintiffs and having a value in excess of $500.

Defendant refused payment because of a provision on the back of the policy, designated as Paragraprh 5(I), precluding recovery in the event of: "Loss or damage to property insured hereunder while in or upon any automobile, * * * unless at the time the loss occurs there is actually in or upon such vehicle, the Assured or a permanent employee of the Assured, * * * ". It is conceded that neither the assured nor a permanent employee of the assured was actually in or upon the vehicle at the time of the loss.

The court made the following findings and its construction of the policy, and rendered judgment accordingly:

"The insurance policy in question is a special jewelers' type which contains all of the necessary elements of the contract on its first page, and is signed at the bottom of the first page by its president and secretary and countersigned by its Kansas City, Missouri, agent.

"The main body of the policy above the signatures recites the name of the insured, the term of the policy, the limits of liability, and provides that

"In Consideration Of the premium above specified, and of the Proposal(s) and Declaration(s) dated the 26th day of January, 1954, at-

tached hereto and made a part hereof and which is (are) hereby agreed to be the basis of this policy, * * *

"This Company Does Insure: ᵢ

"A. & M. Jewelry Company * * * from the 16th day of February, 1954, to the 16th day of February, 1955, * * *. The Maximum liability of the Company resulting from any one loss, disaster or casualty is limited to

(A) $16,500.00 in respect of property at the Assured's premises as described herein;

* * * * * *

(E) $500 in respect of property elsewhere * * *.

* * * * * *

"*This Policy is made and accepted subject to the foregoing and following stipulations and conditions together with such other provisions, agreements or conditions as may be added hereto as provided in this Policy.*

"In Witness Whereof, this Company has executed and attested these presents, but this Policy shall not be valid unless countersigned by a duly authorized Agent of the Company."

"The foregoing provision relative to stipulations and conditions recites that such other provisions, agreements or conditions may be added to the agreement 'as provided in this Policy.' However, the policy itself makes no such provision, in that it does not make any provision for additional agreements or conditions and particularly fails to incorporate as a part of the policy the stipulations and conditions found on the back of the policy itself, including condition 5(I) above, upon which the company relies to defeat plaintiffs' claim.

"The law is well settled that a condition or stipulation either must ap-

pear in the body of the policy itself or must be clearly and specifically referred to in the body of the policy and incorporated by reference and made a part thereof; otherwise it is inoperative and void. See Gibson v. State Mutual Life Assur. Co. [184 Mo.App. 656], 171 S.W. 979; Dakan v. Union Mutual Life Insurance Co. [125 Mo.App. 451], 102 S.W. 634.

"It is equally well settled that where a policy provision is ambiguous it will be construed in favor of the assured and against the company. See Prichard v. National Protective Ins. Co. [240 Mo.App. 187], 200 S.W.2d 540; State ex rel. Park v. Daues, 316 Mo. 346 [289 S.W. 957].

"Since this provision is not clearly and specifically incorporated as a part of the policy, by the language found in the body of the policy, condition 5(I) is not a defense to plaintiffs' claim, * * *".

It is apparent that the court based its judgment on the theory that exclusion 5(I) was not a part of the policy because it had not been sufficiently referred to in the body of the policy.

■ This is an action at law and was tried by the court without a jury. Under such circumstances, it is the duty of this court to "review the case upon both the law and the evidence as in suits of an equitable nature," Section 510.310, subd. 4, and "give such judgment as such court ought to have given, as to the appellate court shall seem agreeable to law". Section 512.160, subd. 3. Wells v. Goff, 361 Mo. 1188, 239 S.W.2d 301. There is no conflict in the evidence. It is a question of construing the provisions of the policy.

The trial court interprets the italicized sentence as though it read, "that such other provisions, agreements or conditions may be *added* to the agreement 'as provided in

this policy' "; and that the policy makes no provision "for additional agreements or conditions". We do not so read and understand the sentence. It provides, "This policy is made and accepted subject to the foregoing and *following stipulations* and *conditions* * * *"; but there are no *"following stipulations* and *conditions"* except those printed on the back of the policy or attached thereto. If they are not referred to, then none are, and that clause is meaningless. Immediately following the language of the clause just quoted is this: *"together with* such other provisions, agreements or conditions as may be *added* thereto as provided in the policy". What do the words "together with" mean? Webster's New International Dictionary defines those words as meaning "along with". In other words, this sentence means that the policy is made and accepted subject to the *"following stipulations* and *conditions",* which are, at the time of issuance, printed in or attached to the policy; "together with" or "along with" other provisions or agreements which may be later "added" as provided in the policy. Exclusion 5(I) was written on the back of the policy at the time it was issued and was not *added* thereafter. It was one of the *"following stipulations* and *conditions"* referred to.

There is another sentence immediately preceding the sentence quoted by the court which we think should be taken into consideration in determining the issue presented. This sentence reads: "Territorial Limits—The property described above is covered anywhere in, and in transit within and between, the Continental United States of America, Alaska, Canada, * · * *, *but subject always to the limitations, conditions, exclusions and exceptions stated herein"*. The only such are printed on the back of the policy.

In addition to the two sentences just considered, we note that on the face of the policy and above the signature of the officers, appears the following: "In Consid-

eration Of the premium above specified, and of the proposal(s) and declaration(s) dated the 26th day of January, 1954, *attached hereto and made a part hereof and which is (are) hereby agreed to be the basis of this policy,* * * * This Company Does Insure: * * *".

Furthermore, the *caption* of the provisions set out on the back of the policy is as follows: "Stipulations and Conditions Referred to on the Face of this Policy—Insuring Conditions—This Policy insures against all risk of loss of or damage to the above described property arising from any cause whatsoever *except:"* Then follows several conditions and exceptions, among which is controversial 5(I).

■ A photostatic copy of the policy together with certain attached "endorsements" are included in the transcript. One of the "endorsements" *extends* the policy to cover loss of property in insured's windows by theft for maximum amount of $400; another "endorsement" extends the policy to cover damage to furniture, fixtures, machinery, etc. for a maximum of $2,000; and a third "endorsement" extends insurance to cover loss of money in locked safes or vaults for a maximum of $2,500. These *attached endorsements* are no more "specifically" referred to on the face of the policy and above the signature of the officers of the company than is exclusion 5(I). If it is no part of the policy because not specifically referred to, then it would seem to follow that the attached endorsements, which were dated the same day as the policy, would be no part thereof. We mention this merely to indicate that the insured could not be led to believe that the *entire insurance contract* appeared on the face of the policy and *above the signature of the officers.* It is common knowledge that present day insurance policies are not so written.

■ In 44 C.J.S., Insurance, § 299, p. 1201, it is said: "The insurance contract

may be construed to include what is written and printed on all the pages of the policy, irrespective of the position of insurer's signature thereon, and may also be construed to include outside conditions and stipulations referred to in the body of the policy, and statements made as an inducement to the issuance of the policy". Among the cases cited in support of this rule are Grand Lodge of United Bros., etc. v. Massachusetts Bonding & Insurance Co., 324 Mo. 938, 25 S.W.2d 783; and Swinney v. Connecticut Fire Ins. Co., Mo.App., 8 S.W.2d 1090. For other cases discussing the question of when another instrument or condition or limitation may be considered as a part of the contract by reference, see State ex rel. Central States Life Ins. Co. v. McElhinney, 232 Mo.App. 107, 90 S.W.2d 124; Newell v. Aetna Life Insurance Co., 214 Mo.App. 67, 258 S.W. 26.

In support of its construction of the policy, the trial court cited Dakan v. Union Mutual Life Ins. Co., 125 Mo.App. 451, 102 S.W. 634, and Gibson v. State Mutual Life Assur. Co., 184 Mo.App. 656, 171 S.W. 979. In the Dakan case, the question under consideration was whether a non-forfeiture table printed on the back of the policy should control and modify certain provisions on the face of the policy. In discussing this question, the court said, 102 S.W. 635: "There is no reference to the table in the policy itself, as there is to the application, which expressly makes it a part of the contract. Notwithstanding this omission in the policy, it should be construed in connection therewith, if it served any purpose in the way of elucidating the terms of the contract, or contained any further stipulations. 'A paper purporting to be conditions of insurance, if annexed to and delivered with a fire policy, is deemed to be prima facie a part of it, although the policy does not contain any express reference to such paper.' Murdock v. [Chenango County Mut.] Insurance Co., 2 Comst., N.Y. 210; Roberts v. [Chenango County

Mut.] Insurance Co., 3 Hill, N.Y. 501". After further discussion of the question, the court said that to give to the table the effect claimed it would "be in [direct] conflict with the terms of the policy". That is not the situation in the instant case.

In the Gibson case, the question was whether a certain statute then in force governed the amount to be paid on the policy. As a hypothesis for its decision, the court said, 171 S.W. 980: "The provision relied upon by appellant [insurer] to take the policy out of the operation of the statutes in respondent's favor does not appear in the body of the policy, nor is it referred to *in any way* therein or in the application signed by the insured". That is not the situation in the instant case.

It is true the face of the policy does not *specifically* mention or refer to any of the stipulations, conditions or exclusions printed on the back of the policy or to any of the endorsements attached thereto; nevertheless, we are of the opinion that the above quoted and italicized sentences and clauses are sufficient to make each a part of the contract of insurance, and each must be given consideration in construing the policy. In other words, we do not believe it is necessary that the face of the policy *specifically* refer to each condition or exclusion printed on the back of the policy if it clearly appears on the face of the policy that the provisions appearing above the signature of the officers of the company do not comprise the complete contract.

We do not consider the language of the policy ambiguous, and cases discussing such a question are not controlling.

It seems to be conceded that if exclusion 5(I) is effective, then, under the facts in this case, the plaintiffs cannot recover, because the loss occurred from an automobile at a time when it was not occupied by the insured or a permanent employee of the insured. For a case specifi-

cally so holding, see Seelig v. St. Paul Fire & Marine Ins. Co., D.C., 109 F.Supp. 277. It is perfectly reasonable for insurance companies to limit the location of the property and the circumstances under which coverage will be provided by its policy. Grover v. Hartford Accident & Indemnity Co., 227 Mo.App. 45, 51 S.W.2d 210; Cole v. Kansas City Fire & Marine Ins. Co., Mo.App., 254 S.W.2d 304; Rosenberg v. General Accident Fire & Life Assur. Co., Mo.App., 246 S.W. 1009.

The judgment is reversed.

All concur.